No. 15,845.

ARNETT *v*. NORTHERN ET AL.

(194 P. [2d] 909)

Decided June 7, 1948.

Mr. CHARLES A. MURDOCK, Mr. GRANT E. McGEE, for plaintiff in error.

Mr. DON W. MARSHALL, Messrs. SCHAETZEL & KNIGHT, for defendants in error.

*En Banc.*

MR. JUSTICE HAYS delivered the opinion of the court.

THIS is a dependency proceeding involving two minor children of August H. Northern and Florence Northern Arnett, the action being instituted in the juvenile court of the City and County of Denver by Thomas Y. Northern, the paternal grandfather of said children.

The record discloses that February 3, 1943, the district court of Bernalillo county, New Mexico, awarded a decree of divorce in favor of the father and against the mother whereby permission was granted the father to remove said children to the home of their paternal grandparents in Denver until further order of the court. Subsequent thereto, and on April 10, 1946, two days prior to the commencement of this proceeding, the mother obtained a modification of the New Mexico decree by which she was awarded the custody of said children. The father is now domiciled in California, the mother in Utah, and the children have at all times since the original decree of the New Mexico court remained with their paternal grandparents in Denver.

The trial court found said children dependent and awarded their custody to the paternal grandparents. The mother contends as grounds for reversal of the judgment: (1) That the trial court had no jurisdiction of the controversy by reason of the New Mexico proceedings; and (2) that the trial court erred in finding said children dependent.

We assume, without deciding, for the purpose of this opinion, that the trial court had jurisdiction of the con-

troversy, and elect to rest our opinion upon the second ground above mentioned.

This action was brought pursuant to article 1, chapter 33, '35 C.S.A., section 1 of which contains many definitions of "dependent child" or "neglected child." It is only necessary that we refer to those upon which petitioner herein relies. It is alleged in the petition that the children are "dependent upon the public for support;" are "destitute, homeless or abandoned;" that they do not have "proper parental care or guardianship;" and that "a controversy exists about their custody." There is no evidence in the record to support the first two grounds above set forth, and no contention is made in the briefs that such were established. There is no basis in the record for the third ground and it is not claimed by any party hereto that the grandparents have at any time failed to maintain a good home for the children. In this connection it is further alleged in the petition that the grandparents "have taken care of said children for three years and two months upon request of respondent father who had custody of children * * *." There is no denial of this allegation. It clearly appears from all the evidence that the grandparents in their advanced age did the best they could for the children, under all the surrounding circumstances; that they followed their son's directions and respected his wishes in caring for them; and that they agreed to surrender their custody to the father when the latter had established a suitable home. The only evidence offered tending to show that a controversy existed concerning the custody of the children was that between the parents as an incident to divorce proceedings, and this does not, as we have held, "amount to a controversy" within the meaning of those words as used in the dependency statute. *McChesney v. McChesney,* 103 Colo. 115, 83 P. (2d) 772; *Peterson v. Schwartzmann,* 116 Colo. 235, 179 P. (2d) 662.

In the case last cited, we stated: "In a dependency proceeding, the only matter at issue before the court in

the first place is that of dependency. If the child is found not dependent, then there is nothing further to be considered and the action should be dismissed. If the child shall first have been found dependent upon proper evidence, then and only then, should the court in orderly procedure, receive evidence concerning, and determine, the custody of the child."

The evidence before the juvenile court was clearly insufficient, in the light of the above decisions, to support the grounds of dependency alleged in the petition.

The judgment is reversed and the cause remanded with instructions to dismiss the proceeding.