No. 16,935.

AVERY *v.* COUNTY COURT OF GILPIN COUNTY ET AL.
(250 P. [2d] 122)

Decided October 27, 1952. Rehearing denied November 17, 1952.

Mr. ROBERT D. INMAN, for petitioner.

Mr. W. E. McCARTHY, for respondent.

MR. JUSTICE MOORE delivered the opinion of the court.

THIS is an original proceeding in the nature of prohibition filed in this court under the provisions of Rule 116 R.C.P. Colo. We will hereinafter refer to the petitioner as the mother, the respondent Homer James Avery as the father, and the county court of Gilpin county as the county court.

The mother alleged in her petition that the county court of Gilpin county entered an order, in an action instituted in said court by the father, directing her to deliver custody of George Pierce Avery and James Thomas Avery, minor children of the parties, to the father. The proceedings in which the county court entered this order were instituted by the father under the provisions of chapter 33, '35 C.S.A., which deals with the subject of dependent and neglected children. The mother further alleged in her petition that custody of James Thomas Avery was delivered to the father, and that she appeared before the county court in compliance with the citation and summons duly served upon her. She alleged that upon her appearance she objected to the jurisdiction of the court to entertain the action in dependency, for the reason that the petition in dependency proceedings was not filed by any officer of the state board of child and animal protection or the juvenile court, or any person who is a resident of the county, having knowledge that the children involved were dependent or neglected. A copy of the petition in dependency is attached to the petition on file in this court, from which it affirmatively appears that the father is not a resident of Gilpin county, but on the contrary is a resident of Boulder county, Colorado. It further is alleged that the mother has been awarded full custody of said minor children by the district court of Boulder county in an action between the mother and father which resulted in a decree of divorce in favor of the mother. The decree entered in said divorce action provided, inter alia, "That the sole care, custody and control of the minor children George Pierce

Avery and James Thomas Avery, shall be awarded to the Plaintiff, subject to right of reasonable visitation on the part of the Defendant." The date of this order was November 14, 1951. The petition in dependency was filed in the county court of Gilpin county August 22, 1952.

Upon presentation of the petition to this court a rule to show cause was issued, and the respondent father and the county court answered. They admitted that the mother objected to the jurisdiction of said court and that the court, notwithstanding said objection, did proceed to hear the case on the merits, and alleged that at said hearing the mother appeared and gave testimony, and in so doing she waived "any defects that could have been, but were not, present concerning jurisdiction." Respondents further admitted that the father, who filed the petition in dependency, was not a resident of Gilpin county, and also that the decree of divorce entered by the district court of Boulder county awarded custody of the children to the mother.

Section 3, chapter 33, '35 C.S.A. provides, inter alia, that: "Any officer of the state board of child and animal protection or the juvenile court, or any person who is a resident of the county, having knowledge of a child in his county who appears to be a dependent or neglected child, may file with the clerk of the county court, or juvenile court, a petition in writing, setting forth the facts which constitute the child dependent or neglected, which petition shall be verified by the affidavit of the petitioner."

Question to be Determined.

 *Under the provisions of section 3, chapter 33, '35 C.S.A., does the county court acquire jurisdiction in an action involving the dependency. of children residing within the county in which the action is instituted, notwithstanding the fact that the person who files the petition is a non-resident of the county in which the adjudication of dependency is sought?*

The question is answered in the negative. In reaching this conclusion we are not unmindful of the decision of this court in the case of *Hudson v. Mattingley*, 69 Colo. 528, 195 Pac. 113, in which a contrary result seems to have been reached. In that case the holding on this point is illogical and manifestly erroneous and we have no hesitancy in correcting the apparent error there made. Where a statute specifically identifies the officers or persons who may invoke the jurisdiction of a court in a proceeding which is purely statutory, it is necessary and essential that the persons thus named shall institute the proceedings. The identification by the statute of those authorized to invoke the court's jurisdiction operates to exclude all persons not mentioned. The case of *Hoenshell v. Patterson*, 123 Colo. 101, 225 P. (2d) 848, bears directly upon this question. In that case a petition for adoption of a minor child was filed in the county court of Arapahoe county. The statute in effect at that time, section 1, chapter 4, '35 C.S.A., provided, inter alia, that: "Any inhabitant of Colorado, not married, or a husband and wife jointly, may petition the juvenile court of the county, or city and county, or, if no juvenile court exists therein, then the district or county court, *of the county of his or their residence* or of the county of the residence of the person sought to be adopted, for leave to adopt a minor child, not his or theirs by birth, and for a change of the name of such child, as herein stated." (Italics ours.) The husband and wife who petitioned for the adoption were not residents of Arapahoe county, and there was no showing of any kind to indicate whether the child whose adoption was sought was a resident of said county. We quote from the opinion in that case as follows:

"It is clear from the statute above quoted that in order to confer jurisdiction upon the trial court in this proceeding, the adoptive parents must have been residents of the County of Arapahoe, or the child sought to be adopted must have been a resident of said county. The

petition of the adoptive parents shows affirmatively that they were not residents of Arapahoe county. Neither in the petition for adoption nor in the decree, is there any reference whatever to the residence of the child.

"In the answer of the adoptive parents, they admitted the fact that they resided in the City and County of Denver, and alleged that the residence of the minor child was in Arapahoe county. Thus an issue of fact was presented upon the determination of which the jurisdiction of the trial court depended, and the court should have determined this issue upon evidence."

From the foregoing it is clear 'that where a statute makes the residence of a petitioner within a particular county a condition upon which the jurisdiction of a court can be invoked, a county court is wholly without power or authority to proceed in a statutory action unless the petitioner is a resident of the county within which the action is brought. The objection made by counsel for the mother was directed to the jurisdiction of the county court to act. There was no waiver of the jurisdictional question arising from the fact that she participated in the trial of the issues on the merits, following the erroneous ruling of the trial court denying her motion to dismiss for want of jurisdiction. A challenge to the jurisdiction of a court can be raised at any time. We said in *United States Fidelity and Guaranty Co. v. Industrial Commission,* 99 Colo. 280, 61 P. (2d) 1033, " * * * jurisdiction can not be conferred by consent nor lack of jurisdiction waived."

It follows, therefore, that the county court .was without jurisdiction; that all orders entered in the action before it are null and void and should be vacated. The rule heretofore issued is made absolute.