No. 16,963.

GEISLER *v.* THE PEOPLE IN THE INTEREST OF GEISLER, A MINOR.
(256 P. [2d] 564)

Decided April 6, 1953.  Rehearing denied April 27, 1953.

Mr. J. FRED SCHNEIDER, for plaintiff in error.

Messrs. BARNARD & BARNARD, for defendant in error.

*En Banc.*

MR. JUSTICE BRADFIELD delivered the opinion of the court.

IN the trial court, defendant in error was plaintiff, and plaintiff in error was defendant.

The case is submitted on an agreed statement of the case and the reporter's transcript of the testimony. A resident of Grand County filed a petition in the County Court of Grand County alleging that defendant, a resident thereof, is the father of and is contributing to the dependency of Michael William Geisler, a minor. Defendant was served with summons in Grand County. Said minor and its mother at said date were residents of the City and County of Denver.

Defendant moved the court for a continuance in order that he might obtain counsel. After he had procured counsel, he requested a jury trial, also an additional continuance. No pleadings were filed by defendant. On the day set for trial defendant filed a motion to dismiss, also a motion for change of venue, both of which were denied. Trial was to a jury. The jury returned its verdict that defendant, Orville Geisler, is the father of the said minor. Defendant excepted to the verdict.

Thereafter, the court heard "the testimony of the parties and others concerning the dependency" of said minor, "no issue thereon having been made by defend-

ant." Thereupon, May 10, 1952, the court made its findings and pronounced judgment, which are incorporated in, and made part of, the agreed statement of the case: 1. That defendant is the father of said minor; 2. That defendant has not contributed to the support of said minor; 3. That defendant has and is contributing to the dependency of said minor; 4. That defendant pay $250.00 medical and pre-natal expenses for said minor; 5. "That costs allowable against said defendant are $240.46," and 6. Finding and fixing a contribution of $60.00 per month toward the support of said minor.

■ This case was first considered in our court February 9, 1953, and it then appearing that the agreed statement and reporter's transcript disclosed no motion for a new trial and no waiver of same, the writ of error was dismissed under Rule 59 (f) R.C.P. Colo. Thereafter, March 2, 1953, plaintiff in error petitioned for a rehearing and for permission to "incorporate by reference into the Agreed Statement the motion for a new trial and its denial by the trial court" or "grant a motion to file the Clerk's record * * *." The petition for rehearing was granted, permitting plaintiff in error to elect how he would supplement his record. To this date, no supplemental record has been tendered to show a motion for new trial and its grounds, and no "Clerk's record" has been tendered. The purported papers as tendered were unsigned, not agreed to by opposing counsel and not certified by the trial court, so will not be considered for any purpose.

■ Therefore, the case remains for disposition on the agreed statement and reporter's transcript on file. Said record showing no motion for a new trial and no waiver thereof, there is no final judgment and the writ of error is subject to dismissal under Rule 59 (f) R.C.P. Colo. *Bankers Trust Co. v. Hall,* 116 Colo. 566, 571, 183 P. (2d) 986.

■ There is an item in the record the court of its own motion will consider, under specification (e) as fol-

lows: "The court erred in allowing costs against defendant."

Under this general specification, the taxing of fees for "professional witnesses, Dr. Ogden $75.00, and Dr. Leslie $75.00," assuming the taxing of witness fees as costs may be considered thereunder, the reporter's transcript discloses that Dr. Ogden testified to matters requiring expert knowledge and opinions entitling him to an expert witness fee to be fixed by the court, and there is no evidence that the fee allowed was unreasonable. As to Dr. Leslie, the record discloses he did not testify as an expert witness, but as a rebuttal witness, requiring no expert knowledge or opinion. The allowance of $75.00 to him was not sustained by the evidence. Said allowance will be reduced to the statutory witness fee, per diem, plus mileage.

The cause is remanded and the trial court is directed to retax the witness fee of Dr. Leslie in accordance herewith. The findings and judgment entered by the trial court, as modified, are affirmed.

Mr. Justice Holland dissents.

Mr. Chief Justice Stone not participating.