No. 17,050.

CAMPBELL *v.* GILLIAM, JUDGE.
(257 P. [2d] 965)

Decided May 11, 1953.

Messrs. LEE, BRYANS, KELLY & STANSFIELD, for complainant.

Mr. DUANE O. LITTELL, for respondents.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THIS is an original proceeding in the nature of prohibition.

On March 19, 1953, our court issued its order directing that respondents show cause within fifteen days why they should be allowed to proceed in the above captioned cause. This order has been complied with by the filing of an answer and brief in support thereof, and the issues are thus presented.

At the time of the issuance of the order, the files and the record of the juvenile court were not before us and our order was based upon the presented petition and brief. On motion properly made by petitioner, and granted, the entire files and record have been certified to this court, and reveal a situation different to that on which our first impression was formed.

On September 15, 1952, a petition in contributory dependency was filed against Charles C. Campbell, now referred to as complainant. This petition was signed and verified by Phoebe Ann Huggins and in it she alleged that she was a resident of the City and County of Denver, State of Colorado; that she is an expectant mother in the third calendar month of pregnancy; after setting out the names of her immediate relatives, she alleged that she, as the expectant mother, and the unborn child, of which complainant is the father, are dependent; that complainant has failed and refused to provide for the care and support of her, and the unborn child; and that complainant's residence is at Lowry Air Force Base, Denver, Colorado; that he has knowledge of the dependent condition of petitioner and her unborn child, and has refused to make any provision for them.

Upon the filing of the petition, and upon motion of petitioner, hearing thereon was set for September 25,

1952, and on showing that complainant is expected to leave the jurisdiction of the court within the near future, the court ordered that attachment issue for complainant. By agreement of counsel, hearing was continued to December 2, 1952. Answer to the petition was filed October 8, denying all the allegations of the petition and requesting a jury trial. Further continuances were requested, and granted, and on February 13, complainant's motion to dismiss the action, with prejudice, and for summary judgment in favor of complainant was filed, in which it was claimed that the court lacked jurisdiction because the petitioner is not a resident of the State of Colorado; that the court lacks jurisdiction because the petitioner herein, or her alleged dependent child, is not dependent or neglected; that there is no genuine issue as to any material fact; that defendant is entitled to judgment herein as a matter of law; and that the petition fails to state a claim upon which relief may be granted. This motion was filed after complainant had taken the deposition of Phoebe Ann Huggins, the petitioner, on the 13th day of January, 1953, in Denver, Colorado. The deposition so taken was made a part of the files herein.

On hearing, this motion was denied, and complainant sought the original jurisdiction of this court.

■ Our general approach to a determination of the questions here presented is rightfully prompted and influenced by section 13, chapter 33, '35 C.S.A., which is a part of our statutory laws relating to dependent and neglected children and is as follows: "The sections of this chapter codified from the act of 1907 shall be liberally construed to the end that their purpose may be carried out, to-wit: that proper guardianship may be provided for in order that the child may be educated and cared for, as far as practicable, in such manner as best subserves its moral and physical welfare, and as far as practicable in proper cases that the parent, parents or guardian of such children may be compelled to perform

their moral and legal duty in the interest of the child."

This section clearly points up the real intent and purpose of the statute, and to that end, our courts should primarily be more concerned about the welfare of the child involved than in the residential status of the parties to the proceeding. True, certain general regulations are prescribed to prevent promiscuous proceedings; however, no unreasonable impediment should be allowed which would prevent an expectant mother from pursuing the father of the unborn child and invoking the aid of a court having proper jurisdiction at the residence or domicile of the neglectful father if in this state.

The principal contention of counsel for complainant at the time of the petition for this writ, and now, is that the mother, as petitioner, was not a resident of the City and County of Denver as alleged in her petition in contributory dependency. The showing made before the issuance of this writ is not supported by the record now before us, which contains the deposition of the mother. It further was contended that the mother and the expected child were not dependents as contemplated by the statute, especially the child. This contention undoubtedly is based upon section 1, chapter 33, '35 C.S.A., which in part is as follows: "For the purpose of this section and other sections codified from the act of 1907, the words 'dependent child' or 'neglected child' shall mean any child under the age of eighteen years who is dependent upon the public for support, or who is destitute, homeless or abandoned; or who has not proper parental care or guardianship; or who, in the opinion of the court, is entitled to support or care by its parent or parents, where it appears that the parent or parents are failing or refusing to support or care for said child; * * * ."

It was argued that there was no showing that the mother or child was destitute; was dependent upon the public for support; or was homeless or abandoned. This

contention overlooks a vital and important part of the statute, namely, " * * * or who, in the opinion of the court, is entitled to support or care by its parent or parents, where it appears that the parent or parents are failing or refusing to support or care for said child; * * * ."

Complainant's answer herein is a denial of each and every allegation of the delinquency petition, which, of course, would include a denial of the fatherhood of the unborn child. The juvenile court has full jurisdiction to determine this and all other issues set up by the petition and answer. All of the questions thus presented by the pleadings could only be determined upon a full hearing, and the motion for summary judgment, under the circumstances of the instant case, not only is premature, but is without any basis for authorization of such a judgment. As often has been said, a summary judgment is a drastic remedy and a litigant defendant should not be denied a trial thereby when there could be the slightest doubt as to the facts. As we read the petition in delinquency, a prima facie case against complainant is stated, and a perusal of the opprobrious deposition herein discloses no instance where the plaintiff mother denies, or even contradicts herself concerning the facts alleged in her petition. "Summary judgment is authorized only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is and no genuine issue remains for trial." The above is a quotation from *Sartor v. Arkansas Gas Corporation,* 321 U. S. 620, quoted with approval in *Smith v. Mills,* 123 Colo. 11, 225 P. (2d) 483, and supported in *Morlan v. Durland Trust Co.* decided by our court December 26, 1952, 127 Colo. 5, 252 P. (2d) 98, and cases cited therein.

On the question presented in the motion for dismissal, that the court lacks jurisdiction because the petitioner herein is not a resident of Colorado, we say this motion was properly overruled by the trial court, be-

cause the ruling is amply supported by the facts on that question, which are, in substance, as follows: The petitioner in the trial court, while residing in Kalispell, Montana, and a "cross-the-street" neighbor of complainant, the alleged father of the unborn child, stated that she had intercourse with the complainant on two occasions around the middle of July when he was home on a furlough from the armed forces; that he left immediately thereafter to return to the air force base in Lowry Field, Denver; that on discovery of her pregnancy, which she had communicated to complainant, and it is made to appear that there is some intimation to the effect that she should come to Denver and be married to complainant; that she came to Denver in early September, 1952 and communicated with complainant; that upon discovery that he apparently was ignoring the situation and that she was going to be left in the lurch, on September 15, she filed the petition in dependency which now is involved. Realizing that she was not qualified to vote in Colorado, she obtained an absentee ballot, giving Denver as her residence; that she remained in Denver until December 6, when she went back to the home of her parents in Montana for the Christmas holidays and remained there until January 11, when she returned to Denver and her deposition was taken on behalf of complainant on January 13, in which she stated that she was residing at 1547 High street, Denver, and that that is where she lives and where she intends to live; that her father provided money for her expenses in coming to Denver and for her support pending the outcome of this delinquency proceeding. It further is shown by the 3rd defense of the answer that respondent came to Denver at the written request of complainant for the purpose of marrying complainant and living with him in Denver.

Since a prima facie case of sufficient residency, and also of dependency, was established, the trial court had,

and now has, full jurisdiction to proceed; therefore the rule to show cause heretofore issued is discharged.