## No. 17,194.

FOXGRUBER *v.* HANSEN.

(265 P. [2d] 233)

Decided November 30, 1953.   Rehearing denied January 18, 1954.

Messrs. COLLINS & SALAZAR, for plaintiff in error.

Mr. HARRY F. CLAUSSEN, Mr. F. RICHARD HITE, for defendant in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the court.

Edith Foxgruber, mother of a five year old child named Linda Foxgruber, was respondent in a proceeding in the Garfield County Court wherein Mabel L. Hansen, petitioner, sought an order declaring said minor child to be dependent and neglected within the meaning of section 1, chapter 33, '35 C.S.A. Respondent seeks reversal of an order of said county court declaring Linda to be a dependent and neglected child, and appointing Mabel L. Hansen as guardian of said child.

Respondent resides in Denver, Colorado, where she is gainfully employed. The father of the child has never made a home for respondent, or the child, and his whereabouts were and are unknown.

On February 21, 1953 Mabel L. Hansen filed her petition in which she alleged that Linda is a "dependent and neglected child who has not proper parental care or guardianship, and who is entitled to support or care by her parent or parents, * * * that the mother of said child has completely abandoned her during her entire five years of life, with the exception of brief and intermittent inquiries * * * and has been completely dependent upon * * * " Freda and John Hansen "for her entire support." It was further alleged that the whereabouts of the father of the child were unknown and "that the mother, Edith Foxgruber, now resides in Denver, Colorado."

A citation was issued by the court, addressed to the father and mother of the child, advising that a hearing on this petition would be had on February 25, 1953. Return on said citation by the Sheriff of Garfield County recited that after diligent search he could not find either parent in said county, and accordingly the citation was returned on February 24, 1953. On the date assigned for the hearing a guardian ad litem was appointed for the minor child to "defend said child against the petition filed in said court." The guardian ad litem described in the record as a taxpayer of said county, filed an appearance in said proceeding and "respectfully demands that

said petitioner be required to prove the same [the allegations of the petition]." On February 25, 1953 the judge of the court entered findings that Linda "has never resided with her parents, but has been dependent on the charity of others" and that Linda "has been dependent upon * * * John Hansen and Freda Hansen for her entire support, care and parental attention." The findings included one that the mother "has abandoned said Linda Foxgruber to the charity and concern of others." The court then concluded that the parents of Linda "have abandoned their child and have no further rights over or to the custody, services or earnings of said child. That the said Linda Foxgruber is a dependent child." Thereupon the court appointed Mabel Hansen, mother of Freda Hansen, guardian for said minor child.

On March 9, 1953 counsel for Mabel Hansen addressed a letter to Edith Foxgruber in Denver, Colorado, advising her of the result of the court proceedings, but did not give her the date when the orders were entered. This letter was apparently intended as an answer to one addressed to John and Freda Hansen by counsel for the mother, dated February 18, 1953 in which communication said counsel advised Mr. and Mrs. Hansen that within two weeks the mother would go to Garfield County and bring Linda back with her to make her home in Denver, Colorado. This letter was, according to the record, prompted by the fact that on February 13, 1953 the mother had visited the child and Mr. and Mrs. Hansen and then notified the latter of her desire to take Linda to Denver, and she was then advised by the Hansens that she could not have the child.

Shortly after receipt of the letter from petitioner's counsel, dated March 9, 1953, the mother filed her petition or motion to vacate the orders of February 25, 1953. She set forth that no notice of said proceedings was ever served upon her; that Linda was not a dependent child; that the mother had to the best of her ability contributed money, clothing, toys, etc., for said child, and that because of the previous poor health of the mother, and

while she was seeking steady remunerative employment, her said sister, Mrs. Freda Hansen, had cared for said child; that the mother had on numerous occasions visited said child and for extended periods had Linda with her in Denver; that the mother was now financially able to provide Linda with a good home; that Linda was never dependent on the charity of others, and that the mother had not abandoned said child.

On April 24, 1953 hearing was had on this petition to vacate the orders of February 25, 1953. After taking evidence, the court declined to vacate the said orders, and the mother brings the cause here on writ of error. The record before us does not disclose what evidence was offered on February 25, 1953.

Counsel for the mother urge that she was entitled to notice of these proceedings, and in the absence of such notice to her the court has no jurisdiction to proceed to hearing and final determination of the case. It is also urged that the evidence introduced at the hearing on April 24, 1953 did not show that Linda was a dependent child within the meaning of our statute, and that the evidence did not show that the mother was an unfit person to have custody of her child.

Apparently counsel for Mabel L. Hansen and the court felt the necessity of giving notice to the parent or parents of Linda because a citation was issued to them, as prayed for by petitioner. No attempt was made to obtain service of the citation on the plaintiff in error other than to have the Sheriff of Garfield County make return that he could not find either her or the father of the child in Garfield County "after diligent search." On the face of the petition it was disclosed that the mother resided in Denver, Colorado.

The record herein discloses a sad picture. The father of Linda abandoned his wife even before the child was born. When the child was nine months old and the mother desired to engage in remunerative employment, by mutual agreement the child was left in the home of the mother's sister, Mrs. Freda Hansen, while the mother

worked in a small community a few miles removed from the place where her sister was caring for the baby. Ill health forced the mother to leave this community, and she eventually moved to Denver where she worked at several places, finally securing a position with a wholesale drug company at a substantial wage sufficient to maintain herself and the child. During the intervening time she frequently went to visit the child; communicated with her and the Hansen family; sent gifts of clothing, money, food, household items, toys and medical supplies to the Hansen home. On several occasions she had Linda with her in Denver, Colorado for periods extending from a few days to several weeks. The Hansens testified that the child had a good home and was properly taken care of while she was with them. The circumstances under which Linda was placed with the mother's sister are not disputed in the record.

Here we have a young mother—deserted by her husband—who is forced to make a living for herself, and if possible, for her child as well, who, faced with this emergency, and by agreement with her sister, has the sister take care of the child. Admittedly the child was well cared for in the sister's household. Can it be said that this child was a dependent child within the meaning of our statute, section 1, chapter 33, '35 C.S.A.? Can it be said that the mother had abandoned the child under the circumstances above set forth? Each of these inquiries must be answered in the negative.

We direct attention to the following Colorado cases in which the statute under consideration has been construed and rules announced for the guidance of courts having jurisdiction in dependency cases: *Everett v. Barry,* 127 Colo. 34, 252 P. (2d) 826; *Arnett v. Northern,* 118 Colo. 307, 194 P. (2d) 909; *Peterson v. Schwartzmann,* 116 Colo. 235, 179 P. (2d) 662; *In re McChesney,* 103 Colo. 115, 83 P. (2d) 772. In *Everett v. Barry, supra,* our Chief Justice, speaking for this court, said: "Certain rules of law regarding our juvenile court and rights of custody have been so often declared by us that even the

wayfaring man need not err therein." Language could not be more explicit, and in the same case seven rules for the guidance of county or juvenile courts are set forth in plain, simple and unambiguous language.

A very careful review of the entire record in this case discloses that the action taken was precipitate, and apparently was intended as a circumvention of the very thing condemned in *Everett v. Barry,* to wit: That in a dependency proceeding, "the question to be resolved is not the comparative rights of different claimants of custody, but solely that of whether or not the existing custody and surroundings of the child are such that it is the duty of the state, as parens patriae, to take over its custody and make it a ward of the state."

As in most of these proceedings, an attempt was made to show that the young mother was an unfit person to have the custody of her child. With that phase of the case we are not presently concerned. We here decide that under the record as here made, Linda was not shown to be a dependent child within the meaning of our statute.

The judgment and decree of the county court is reversed and the cause remanded with directions to dismiss the petition of Mabel L. Hansen.