No. 17,605.

ANITA COULTER CARRERA *v*. RICHARD C. KELLEY
AND CLARA B. KELLEY.
(283 P. [2d] 162)

Decided April 25, 1955.   Rehearing denied May 23, 1955.

Messrs. CLAUSSEN & KARR, for plaintiff in error.

Mr. WILLIAM ATHA MASON, for defendants in error.

Messrs. GRANT, SHAFROTH & TOLL, Mr. CHARLES H. HAINES, JR., amici curiae.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

■ As applied to the particular trial court here involved, the futility of a written opinion for the purpose of guidance is apparent when the record herein is considered. In the case of *Foxgruber v. Hansen,* 128 Colo. 511, 265 P. (2d) 233, a case concerning dependency proceedings before this same trial court, attention was called to numerous court cases which had construed our dependency statutes and announced rules for the guidance of courts having jurisdiction in dependency cases. Such announced rules apparently were not welcomed, because we again find that they were unheeded. A process to stop this one-way traffic with the rights of parents concerning custody of their children should be evolved. The trial court in the instant case assumed the wide discretion prescribed in our statutes for juvenile courts; however, this is not a juvenile court as is provided for in our statutes for cities of 100,000 or more. It only has original jurisdiction in dependency matters within the strict limitations of the statute.

■ When fully analyzed, the record herein discloses that this is a controversy over custody approached in the trial court through the convenient channel of a "dependency" proceeding. The child involved was seven years of age and was not a dependent child within the meaning of our dependency statute. C.R.S. '53, 22-1-3. The record of the entire proceeding reveals that the court was wholly oblivious to the legal presumption that natural

parents are entitled to the custody of their children unless otherwise clearly established. The mother of the child here involved undoubtedly surprised the court by her appearance at the dependency proceeding, with no avail.

It appears that the child here involved was born in England of an English mother; and it further appears that the family came to the United States; that the father wilfully deserted and abandoned the family at Leadville, Colorado; that the mother, faced with the necessity of working in order to provide support for herself and the child, placed the child in the care of Clara B. Kelley in October 1948, and it can be determined from the record that the mother provided for the child during a period of October 1948 to April of 1952. From April of 1952 to March 16, 1953, the date of the filing of the petition in dependency, there is no showing that the mother made any provision for the child's support; however, the record does show that all amounts due Clara B. Kelley were finally paid. During this period the mother was living some place in Wyoming. Undoubtedly, for the sole purpose of obtaining the legal control and custody of the child, Clara B. Kelley, on March 16, 1953, filed a petition in dependency in the county court of Garfield county, alleging that she has been in the actual custody of the minor child; that the child is a dependent or neglected child in that it is dependent upon the public for support; that it is destitute, homeless or abandoned; that it has not the proper parental care or guardianship; that it is entitled to support or care by its parent or parents, and the parents are failing or refusing to support or care for it; that a controversy exists about its custody of such a nature as to warrant the state, in the interest of said child, in assuming or determining its guardianship, or in determining what may be for its best interest; that petitioner last heard from the child's mother in April 1952 and that her present whereabouts is unknown; that upon information and belief, the mother is

not in Garfield county, and probably not within the State of Colorado; that petitioner has been providing for the entire care and support of said child since April 1952; and prayed for an order giving petitioner temporary care and control pending the determination of the proceeding; that the child be declared dependent; and that orders and decrees be entered concerning the care and custody. On March 17, citation to parents or guardian was issued; and return was made thereon by the sheriff on March 25, showing that the father could not be found in Garfield county.

Because of the deplorable condition existing in this state concerning the matter of county courts, which are so-called courts of record, conducting proceedings involving, in many instances, one of the most precious rights, that is, the right of parents, especially a mother, to the custody of their child or children, there are no recorded facts supposed to have been disclosed at such dependency hearings before a decree is entered. There is no showing of any attempt to notify the mother of the pending proceeding; however, the record does show that by the requirement of the citation issued, the cause would be heard on March 25, 1953. By some mysterious means, the mother appeared. This would indicate that communication in some form existed between Clara B. Kelley, petitioner, and the mother.

To a competent court, a careful reading of the petition in dependency would disclose that the allegations of the petition would defeat the prayer thereof for delinquency. That the child was not a dependent or neglected child is shown by the allegations of petitioner that the child was left with petitioner and that petitioner had been providing for the entire care and support of the child since April 1952. This petition on its face deprived the court of jurisdiction, because jurisdiction in such matters attaches only in proceedings brought, not in behalf of any person, but solely where children are found delinquent or have been so circumstanced, ne-

glected or imposed upon as to require the state to take over their custody or to act otherwise for their protection. *Everett v. Barry*, 127 Colo. 34, 252 P. (2d) 826. It therefore at once appears that this case, in its true and unmistakable sense, presents a question of the right of custody, and, as such, does not justify an adjudication of dependency.

On March 25, 1953, the court entered its order and decree — with onerous conditions upon the mother — finding that the child was dependent and neglected, and that the custody was vested in the court, subject to the condition that if the mother shall, for a period of two years, comply with all the terms of the decree, then the custody would be vested in her. This decree provided that the mother, within ten days, pay Clara B. Kelley, petitioner, $462.00 for accrued support money which was for a period from April 1952 to March 1953; and further pay into the registry of the court the sum of $35.00 each and every month to be paid to Clara B. Kelley as support money; and make payment sufficient to cover necessary medical and dental expenses, items of clothing and school expenses; that the child remain in the control and care of Clara B. Kelley during the duration of the school period, then to be delivered to the mother, who was to return the child to Clara B. Kelley not later than August of 1953; further that the mother post bond in the sum of $1,000.00 conditioned upon her returning the child to the jurisdiction of the court; and other conditions covering the entire two-year period.

If we uselessly avail ourselves of the opportunity to discuss all of the various angles of this particular case, and meted out the criticism due in each of many circumstances, this opinion would be unduly lengthened. We may well conclude this entire matter by a quotation of the statute C.R.S. '53, 22-1-3, which confers jurisdiction on county courts in dependency matters, and is as follows:

"When any such child within the provisions of this

article, is in immediate or apparent danger of violence or serious injury, or is about to be removed from the jurisdiction of the court for the purpose of evading proceedings under this article for its protection, any officer of the state board of child and animal protection, or any sheriff, probation or police officer, may take immediate custody of such child without any process whatever. In any such case it shall be the duty of such officer within forty-eight hours thereafter to file a petition and proceed as provided for in this section. In any such case the court may provide for the temporary care and custody of such child pending the final hearing and disposition of such case."

The record in this case does not disclose the existence of any situation that would remotely suggest that the court had any authority to act under the above-quoted statute.

We note the haste with which the court acted in awarding custody of the minor, by a reading of the petition on the very day it was filed; however, it required a month's time for the mother to obtain a refund of a cash bond deposited with the court after its purpose had been served. The manner in which the mother's rights were here violated, and which was continued after the errors were brought to the attention of the trial court, is incredible, and every consideration of justice demands that the judgment of the trial court be reversed; that all petitions on file in connection therewith be dismissed; and that the custody of the minor child be returned to the mother.

Accordingly the judgment is reversed and the cause remanded to the trial court with directions to dismiss all petitions and that an order be entered giving the mother the full custody and control of the minor child here involved.

MR. JUSTICE CLARK did not participate in the consideration of this case.