## No. 18,077.

Orville Geisler v. People of the State of Colorado in the Interest of Michael William Geisler, minor

(308 P. [2d] 1000)

Decided March 25, 1957. Rehearing denied April 15, 1957.

Mr. Isaac Mellman, Mr. Gerald N. Mellman, for plaintiff in error.

Messrs. Barnard & Barnard, for defendant in error.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

The parties will hereinafter be referred to as they appeared in the trial court, plaintiff in error as respondent or Orville Geisler, and defendant in error as petitioner.

The action was commenced in Grand County by John B. Barnard, an attorney, who filed a petition in the name of "The People of the State of Colorado in the interest of Michael William Geisler, a minor." The petition alleged, among other things, that the respondent has caused or is causing and contributing to the dependency of Michael William Geisler, aged two months, whose residence is in the *City and County of Denver* and that the respondent is one of the parents of said child; that the mother is a *resident of Denver, Colorado.* It prays for such orders and decrees as are necessary, convenient and proper to protect the *interests of the said minor, Michael William Geisler.* The petition was supported by an affidavit of the mother, Phyllis Utter, residing in Denver.

The respondent appeared specially and filed a motion to dismiss, alleging that it affirmatively appeared from the petition that the said minor plaintiff in whose interest the action was instituted, *was not a resident of the County of Grand but a resident of the City and County of Denver;* that therefore the complaint failed to state a claim upon which relief could be granted, and alleging that the court lacked jurisdiction in the premises. The motion to dismiss was denied, and the court set the matter for trial before a jury. By its verdict the jury

found that the respondent was the father of said child. The court then, based upon the verdict of the jury as to paternity only, made its own findings that the child, *Michael William Geisler, was a dependent child* and that the respondent Orville Geisler has not provided for or contributed to the support of said child and has, therefore, caused and contributed and "is causing and contributing" to the dependency of said minor child. The court entered orders requiring the respondent to pay $250.00 for prenatal medical expenses incident to the birth of said child and postnatal medical care. The court further ordered petitioner to pay $240.46 in court costs and $60.00 a month for the support of the *mother* and the *minor child.*

A writ of error was sought to review this judgment which this court dismissed for the reason that the record failed to show that a final judgment had been entered. *Geisler v. People,* 127 Colo. 336, 256 P. (2d) 564.

Thereafter respondent obtained new counsel who filed a petition in the lower court challenging the jurisdiction of the court and moving the court to set aside its previous findings and judgment and to dismiss the action on the ground that the judgment and orders of the court were void for want of jurisdiction of the minor child. Mr. Barnard, who originally instituted the proceedings, appeared as counsel for himself as petitioner and the minor child and asked the court to award him attorney fees for appearing in opposition to the petition to vacate the judgment. Respondent is now here by writ of error seeking to reverse the trial court's order denying the petition to vacate the original judgment and awarding $250.00 for attorneys fees.

FIRST QUESTION TO BE DETERMINED.

*Under the provisions of C.R.S. '53, 22-7-1,2,3,4 and 22-1-1,2,8, does the County Court acquire jurisdiction in an action involving the dependency of a child residing outside the county in which the action is instituted even though the petitioner and the person proceeded against*

*are both residents of the county in which adjudication is sought.*

■ This question is answered in the negative. In reaching this conclusion we are of the opinion that all of chapter 22, from article 1 through 12, formerly chapter 33, sections 1 through 113, C.S.A. '35, must be read and construed together. To hold otherwise would open the door to endless confusion and a myriad of conflicting jurisdictional claims respecting the interests of children in this state.

Heretofore this court has had occasion to consider the question of the jurisdiction of a juvenile court or of a county court sitting as a juvenile court in a variety of circumstances. We have had a situation where *the child involved was temporarily a resident in the county,* the mother was temporarily a resident outside the county, and the father was a resident and domiciled in another state. *Everett v. Barry,* 127 Colo. 34, 252 P. (2d) 826.

In *Avery v. County Court,* 126 Colo. 421, 250 P. (2d) 122, the *children and the mother were residents of the county* wherein the action was instituted, but the petitioner was a resident of another county. Another variation was in *Campbell v. Gilliam,* 127 Colo. 471, 257 P. (2d) 965, wherein the petitioner was an expectant mother, *a resident of the county,* although temporarily, and the father was also a resident of the county, temporarily on military duty. In *Everett v. Barry, supra,* the petitioner was an attorney as in the case at bar. It is to be noted that in *all* of the cases above cited *the child was in every instance within the county in which the jurisdiction of the juvenile court was invoked.* This is the first time that we have been called upon to decide whether a juvenile court having jurisdiction over an alleged father can obtain jurisdiction of a child residing in another county. We believe that the mere statement of the proposition reveals clearly the error which would result if a court of one county were permitted to exer-

cise jurisdiction over and administer to the needs of a child in another county.

For clarity, the statutes involved here are recited (omitting portions thereof relating to situations not pertinent here):

"22-1-1. Definitions. — For the purpose of this article, the words, 'dependent child' or 'neglected child' shall mean any child under the age of eighteen years * * * who, in the opinion of the court, is entitled to support or care by its parent * * * where it appears that the parent or parents are failing or refusing to support or care for said child; * * *

"22-1-2. Jurisdiction of courts. — The county courts and juvenile courts in the several counties in this state shall have original jurisdiction in all cases coming within the terms of this article. * * *

"22-1-3. Filing petition. — Any officer of the state bureau of child and animal protection or the jurvenile court, or any person who is a resident of the county, *having knowledge of a child in his county* who appears to be a dependent or neglected child, may file in writing, setting forth the facts which constitute the child dependent or neglected, which petition shall be verified by the affidavit of the petitioner. * * *" (Emphasis supplied.)

'22-7-1. Persons proceeded against. — Any person who shall encourage, cause or contribute to the dependency, * * * of a child or shall do any act to directly produce, promote or contribute to the conditions which render such a child a dependent, * * * shall be proceeded against as provided in this article.

"22-7-2. Petition — summons — warrant. — Any reputable person, being a resident of the county, may file with the clerk of the county or juvenile court, a petition in writing, setting forth the facts verified by the affidavit. The petition shall set forth the name and residence of the child and of its parents * * * and of the persons responsible for causing, encouraging or contrib-

uting to the dependency * * *. Upon the filing of the petition a summons shall issue requiring all persons named in the petition to appear at a place and time stated in the summons, which time shall not be less than six days after service. Such summons may be served as summons in civil cases are now served.

"22-7-3. Hearing — probation — bond. — If, upon the hearing of the case, the court is satisfied that the person proceeded against is responsible for or has caused, encouraged or contributed to the neglect, dependency or delinquency of the child named in the petition, as defined by this article, the court may enter a judgment determining such facts, and requiring such person to do or omit to do any act complained of in the petition. For the purpose of enforcing its judgment, the court, in its discretion, may continue the proceedings from time to time and release such person on probation during a period of not exceeding two years from the date of the findings. The court, in its discretion, as part of the judgment, may further require such person to enter into a bond to the people of the state of Colorado, with or without surety, in such sum as the court may direct, not exceeding two thousand dollars, to comply with the orders of the court."

■ Counsel representing the interests of the minor child and who filed the original petition strenuously urges that the court acquires jurisdiction solely by virtue of C.R.S. '53, 22-7-2, and would have us read into that section the inference that if the person proceeded against is a resident of the county wherein the petition is filed jurisdiction is conferred. We do not so construe the statute. We believe article 7 of chapter 22 is in aid of article 1 and that it confers upon the *county having jurisdiction of the child* state-wide jurisdiction to proceed against any person contributing to the dependency of the child. We construe the words "Any reputable person, being a resident of *the county*" to refer to the county in which the child sought to be protected resides.

It is obvious that before there can be *any proceedings against the person alleged to have contributed to the dependency of a child* or "any judgment or orders needful in the premises" there must be first an adjudication that the child is in fact dependent. Petitioner Barnard recognized that fact when he instituted the proceedings in the name of "The People of the State of Colorado in the Interest of Michael William Geisler." The county court of Grand County likewise recognized the need for determining dependency by making *findings* as to the *dependency of the child and the person responsible* before entering judgment and issuing orders for support. A further indication that the court had combined the proceedings as prescribed in article 1 with the proceedings under article 7, was the order for payment of prenatal and postnatal care apparently under the authority of C.R.S. '53, 22-1-8.

In *Avery v. County Court, supra,* the court pointed out that the dependent child was a resident of the county purporting to assume jurisdiction, but the petitioner was not. Applying the reasoning in that case, as well as in *Everett v. Barry, supra,* and *Campbell v. Gilliam, supra,* and taking note of the resident situation in *Wilson v. Mitchell,* 48 Colo. 454, 111 Pac. 21; *Foley v. Carnesi,* 123 Colo. 533, 232 P. (2d) 186; *Foxgruber v. Hansen,* 128 Colo. 511, 265 P. (2d) 233; *Storey v. Shumaker,* 131 Colo. 131, 279 P. (2d) 1957; *Carrera v. Kelley,* 131 Colo. 421, 283 P. (2d) 162 (wherein jurisdiction was not questioned because the child's residence was in the county of the court assuming jurisdiction), we believe the sound rule of interpretation to be that in all cases arising under chapter 22, C.R.S. '53, both the petitioner *and the child* must be residents of the county in which the proceedings are commenced. If we were to adopt the position of the petitioner Barnard, every county court in the state — of which there are sixty-three — by reason of one or the other parent moving from county to county, would be attempting to ad-

minister the laws in the interest of children domiciled in some other county. We believe the only logical construction of the statutes demands jurisdiction be vested in the court of the county where the child resides so as to provide uniform administration of the law and uniform protection of all children in the county. In *Everett v. Barry, supra,* the court set out for clarification a number of rules regarding the juvenile courts along with others regarding the rights of custody. Citing those which deal with the jurisdiction of the courts, we find the following:

"1. That the juvenvile court is a statutory court with no jurisdiction beyond that expressly given by statute; * * * 3. That such jurisdiction attaches only in proceedings brought, not in behalf of any person, but solely where children are found delinquent or have been so circumstanced, neglected or imposed upon as to require the state to * * * act * * * for their protection. * * *"

Summing up under the first question posed herein, we hold that in addition to the other requirements for jurisdiction the essential element in all cases is that the petitioner have "knowledge of a child *in his county* who appears to be dependent." (Emphasis supplied.)

SECOND QUESTION TO BE DETERMINED:

*Where a court having no jurisdiction enters a judgment which is affirmed by dismissal of the writ of error under Rule 59 (f) R.C.P. Colo., can the party against whom the judgment is entered subsequently attack the judgment by petition to vacate the same?*

██ The question is answered in the affirmative. The court having no jurisdiction to determine the dependency of the minor child residing outside the county could enter no valid judgment or order. This action, therefore, from the inception of the petition in dependency, was void.

"A void judgment cannot be made valid and operative by the taking of an appeal from it or even by an affirmance on appeal." 49 C.J.S., p. 882, sec. 451.

Likewise in 3 Am. Jur., 882, sec. 1167, it is said:

"The affirmance of a void judgment imparts no validity to it, especially if such affirmance is put upon grounds not touching its validity. Thus an appeal cannot confer upon the reviewing court jurisdiction of the subject matter that the Court below did not possess."

In *Avery v. County Court, supra,* it was stated:

"There was no waiver of the jurisdictional question arising from the fact that she participated in the trial of the issues on the merits, following the erroneous ruling of the trial court denying her motion to dismiss for want of jurisdiction. A challenge to the jurisdiction of a court can be raised at any time. We said in *United States Fidelity and Guaranty Co. v. Industrial Commission,* 99 Colo. 280, 61 P. (2d) 1033, '* * * Jurisdiction can not be conferred by consent nor lack of jurisdiction waived.' "

See also *Greene v. Phares,* 124 Colo. 433, 237 P. (2d) 1078, where it was held:

"It is elementary law that lack of jurisdiction may be raised at any stage of legal proceedings even after the entry of judgment; furthermore, any purported judgment entered where want of jurisdiction is manifest may be attacked either directly or collaterally."

■ The holding here voiding all action of the lower court would suffice to meet the assignment of error that the court exceeded its jurisdiction in awarding attorney fees in the case at bar. Since it appears, however, that the courts persist in entering such orders from time to time, notwithstanding our rulings to the contrary, we believe that attention should again be called to *Cederquist v. Archuleta,* 127 Colo. 41, 253 P. (2d) 431, where this question was raised and determined.

The court said:

"It should also be noted that the court ordered Cederquist to pay the sum of $125.00 to the attorneys who represented petitioner in this cause. We are unable to find any statute or judicial decision which justifies this

allowance. We call attention to the provisions of section 5, chapter 33, '35 C.S.A., wherein it is provided, 'The court may compel the attendance of witnesses on such examination; and it shall be the duty of the county attorney or district attorney of the county when requested by the court to appear in any such examination in behalf of the petition. It shall be the duty of the county attorney of such county, upon the request of the court or any petitioner, to file petitions and conduct the necessary proceedings in any case within the terms of this section and other sections codified from the act of 1907. * * *

"Our court has heretofore held the legislative enactments providing for attorney fees for the successful plaintiff in actions to enforce mechanics liens and to collect on insurance policies to be unconstitutional. *Davidson v. Jennings*, 27 Colo. 187, 60 Pac. 354; *Pacific Mutual Life Insurance Co. v. Van Fleet*, 47 Colo. 401, 107 Pac. 1087. Our attention has not been directed to any statute or court decision authorizing or approving the allowance of attorney fees for petitioner in a juvenile court proceeding, and, in view of the authority given that court to call upon the district or county attorney to assist in the presentation of juvenile matters, the attorney retained by a petitioner therein must secure his compensation, if any is to be had, from the petitioner, and the court is without jurisdiction to require respondent here to pay such compensation."

In the case at bar the attorney claiming the fees was a resident of the county in which this proceeding was instituted, and is the party who filed the original petition in the county court which resulted in these void proceedings. Having again appeared in court in an attempt to justify his erroneous invoking of the jurisdiction of the court, he now seeks compensation. What was said in *Cederquist v. Archuleta, supra,* applies with even more force in the instant case.

We call attention to another matter, although not urged by counsel for plaintiff in error in his summary

of argument. As noted before, the original petitioner was a member of the bar of the state of Colorado, residing in Grand County. He had no knowledge of the facts stated in the petition and did not verify it, but instead filed an affidavit of the mother who resided in Denver County in support of his petition. Concerning the procedure adopted in this case, we call attention to *Everett v. Barry, supra,* where the court said:

"A petition in dependency must be filed, not in behalf of any individual, but only in behalf of the state, for the purpose of protecting a minor child. Such petition should not be filed by any petitioner, and particularly not by any attorney at law, who is an officer of the court, except singly for the protection of the child; * * *."

It is readily apparent from the record and the orders obtained from the court for payment of *medical expenses and support for the mother* that these proceedings were primarily instituted for the benefit of an individual and to aid the mother. She cited in her affidavit in dependency, "That she is employed * * * at a salary which is *insufficient to support herself* and the said minor; * * * and that she is unable to obtain employment *at a salary to support both herself and the said minor; * * *."* (Emphasis supplied.) There is ample provision in the statutes for the protection of the mother, both before and after the birth of the child, as well as for the protection of the child (C.R.S. '53, 22-1-8). It was not intended, however, that they be co-mingled in a proceedings under C.R.S. '53, 22-7.

The order of the court denying the petition to vacate the judgment and orders is reversed and the cause is remanded with direction to vacate the judgment, orders and bond, and to dismiss the action.