Opinion by
Mr. Justice Moore.
Joseph John Erjavec and Lawrence Mathew Kreiling, *498 each sixteen years of age, were made respondents in two petitions filed in the county court of Adams county in which it was alleged that they were delinquents. In the petition against Lawrence the specific acts attributed to him to establish delinquency were that:
“Said child did, on or about November 11, 1961, in company with Joseph John Erjavec in the vicinity of 5491 High Street, County of Adams, State of Colorado, unlawfully assault the person of another with a deadly weapon in that he did fire a .22 caliber rifle at John Cordillo striking him in the abdomen to the extent that he was immediately hospitalized for a period of approximately 3 weeks as a result of said injury; that said Lawrence Kreiling refused and/or failed to assist John Cordillo and did immediately leave without offering any assistance to the injured party, all in violation of Colorado Revised Statutes 1953, Section 22-8-1 (2), Section 40-2-33 and Section 40-2-34.”
In the petition filed against Joseph the specific acts attributed to him to establish delinquency were that:
“Said child did, on or about November 11, 1961, in the vicinity of 5491 High Street, County of Adams, State of Colorado, unlawfully assault the person of another with a deadly weapon in that he did fire a .22 caliber rifle towards the person of John Cordillo; that said child was present when Lawrence Kreiling, his companion, did seriously injure John Cordillo to the extent that it was necessary to immediately hospitalize said injured party, thus being an accessory before and during the fact of assault; that Joseph Erjavec refused and/or failed to assist John Cordillo and did immediately leave the scene without offering any assistance to said injured party, all in violation of Colorado Revised Statutes 1953, Section 22-8-1 (2) and Section 40-2-33.”
The two cases were consolidated for trial in the county court, and are submitted to this court under one record. Parents of the two minors were named as respondents and were served with process at their residences in the *499 City and County of Denver. Each of the minors resided in Denver.
At the commencement of the trial the court inquired of counsel as to whether any motion was being made by the respondents going “to the insufficiency of either the Petition or service in this case, unless these parties, by being here, want to waive any insufficiency of process.”
Counsel for respondents then made the following statement:
“MR. TELLIS: No; I wish to make my Motion as to both parties. I feel this: that the Court has no jurisdiction over these parties, since they are residents of the City and County of Denver — all of them. They were served in the City and County of Denver; and this matter is subject matter pertaining to a child — children who live in Denver; and I feel that this Court has no jurisdiction either over the parties or the subject matter. We are making our appearances as a special one at this time, not as a general appearance.”
This objection to the jurisdiction of the court was overruled; the court proceeded to trial of the case and at the conclusion thereof entered judgment that Lawrence and Joseph were delinquent children. A commitment to Lookout Mountain School for Boys for a period of one year was decreed, but was suspended, and the boys were, in legal effect, placed on probation for that length of time. The case is before us on writ of error directed to that judgment.
 One of the grounds asserted for reversal of the judgment is that the county court of Adams county had no jurisdiction over the questions presented by the petition for the reason that all the respondents resided in the City and County of Denver. This fact is not in dispute. This court has held that:
“* * =;= j¡n ajj cases arising under chapter 22, C.R.S. ’53, both the petitioner and the child must be residents of the county in which the proceedings are commenced.
*500 Geisler v. People, 135 Colo. 121, 308 P.2d 1000. This rule was followed in Cullen v. People, 152 Colo. 531, 383 P.2d 316. Each of the cases cited involved an alleged juvenile dependency. There is no basis for application of a different rule in delinquency proceedings with reference to the requirement that the child involved must be a resident of the county where the action is brought.
The argument of the attorney general is that we should now overrule these prior decisions, even though in the casé last above cited he confessed error in the case where the issue was substantially the same. We see no reason why the rule of stare decisis should not be followed.
The judgment is reversed and the cause remanded with directions to dismiss the action.
Mr. Justice Hall and Mr. Justice Pringle concur.