## No. 14,482.

### Davis v. The People in the Interest of Grant.
(86 P. [2d] 975)

Decided January 16, 1939.

Mr. Morton M. David, for plaintiff in error.

Mr. H. A. Hicks, Jr., for the people.

*In Department.*

Mr. Justice Bakke delivered the opinion of the court.

Plaintiff in error on an application for supersedeas asks us to review a certain judgment against him entered

in the juvenile court where, based upon a verdict of a jury, he was adjudged to be the father of a female child and ordered to contribute to her support and that of her mother. Counsel for both parties request that there be a final disposition of the matter on the application. Reference will be to the parties as they appeared below; namely, to plaintiff in error as respondent, and to the mother of the child as petitioner.

The original petition in dependency was filed in the juvenile court September 29, 1936, charging respondent with being the father of the unborn child of petitioner and, ''3. That the said unborn child of Margaret Grant is a dependent unborn child for the following reasons and causes, to-wit: That it has not the proper parental care; that it is entitled to support and care by its parent, and its parent, namely, Archibald Davis, has failed and refused to support or care for said unborn child, by failing to provide for the support of the mother of said unborn child, and by failing to provide medical attention or arrange for hospital care for the mother of said unborn child. 4. That the said Archibald Davis * * * has encouraged, caused or contributed to the .... of said unborn child, in the manner and in the particulars following, to-wit: Said respondent is the father of said unborn child, who is dependent as hereinabove set forth [3], and is able to provide for the support and care of said unborn child, and for the mother of said unborn child during her maternity period, and respondent has knowledge of the condition of dependency of said unborn child as aforesaid, and he has failed to provide said unborn child and the mother of said unborn child with the proper support and maintenance.

The matter was originally set for hearing October 8, 1936, but was continued by agreement of counsel to October 20, 1936, at which time an order was entered by further agreement of counsel continuing the hearing indefinitely, on condition that the respondent pay $12.50 per month into the registry of the court for the support

of the petitioner, such payments to be made without acknowledgment of paternity on the part of respondent and upon condition that the parties obtain a dismissal of a criminal action filed by the district attorney in connection with the same charge.

The matter was continued from time to time until March 3, 1937, when a further agreement was entered into providing for the support of the child and an order made by the court based thereon providing that the trial was to be continued indefinitely so long as there was a compliance with the terms of said agreement and until the further order of the court, all, however, without acknowledgment of paternity on the part of the respondent.

Respondent having defaulted in his payments, citation for contempt was issued and served on him based on such default, and judgment was subsequently entered against him November 15, 1937, for $46.00 arrearage.

At a hearing October 25, 1937, the matter of the birth of the child was discussed and an oral motion made by petitioner's counsel for leave to amend the petition to show the birth of the child. November 3, 1937, the court ordered that the original petition be amended "to show that the child concerned herein was born on the 24th day of November, 1936 * * * and is known as Patsy Grant." This amendment, however, was stricken from the record before trial. The matter then was continued to November 4, 1937, at which time a jury was regularly impaneled and sworn and the cause proceeded to trial. At the close of the petitioner's case, her counsel asked leave to "amend the petition to show the unborn child referred to in the petition is now of the age of one year." "The Court: I will grant the motion to amend the petition to show the child of Margaret Grant was born on the 24th day of November, A. D. 1936." On the submission of the cause to the jury it found: (1) Respondent "is the father of the child"; and (2) "is guilty of contributing to the dependency of the child."

Twenty-six assignments of error are presented; eleven

are argued; but we feel it necessary to discuss only three, and those very briefly: (1) The sufficiency of the evidence. (2) The court erred in permitting the amendment showing that the child had been born. (3) The propriety of the instructions.

1. The sufficiency of the evidence. On the trial respondent's counsel introduced in evidence exhibit 1, a transcript of the testimony of petitioner given in the criminal case against respondent with the statement, "I offer it on the ground that those questions and answers were asked," intending presumably to impeach the testimony of the petitioner. While there was some discrepancy between what she said in the criminal case and this one, the evidence in the latter proceeding does not permit any doubt as to the acts of sexual intercourse, during which conception might well have taken place. Respondent's attempted defense of impotency was very weak and the jury clearly was justified in its finding that his paternity was established.

2. There is no merit in respondent's assignment based on the amendment of the petition. Under the circumstances here presented, knowing as he did of the birth of the child subsequent to the filing of the original petition, no prejudice was occasioned by the amendment to conform to the proof in this particular. Also it is to be noted that section 1, chapter 33, volume 2, '35 C. S. A., C. L. §602, concludes with this language: "The laws of this state concerning dependent or neglected children or persons who cause, encourage or contribute thereto, shall be construed to include all children under the age mentioned herein from the time of their conception and during the months before birth." Also the maternity provision, section 8, same chapter, concludes as follows: "Nothing in this section shall be construed to interfere with or repeal any law of this state relating to delinquent children or non-support of children or any other law for the protection of children and nothing in such laws shall

be construed to interfere with proceedings under this section."

3. Respondent complains because the court refused to give certain instructions, particularly one embodying the provisions of section 8, the conclusion of which is above quoted. In view of our disposition of the assignment based on the amending of the petition, nothing further need be said concerning this point. The instructions given by the court, although some were objected to by respondent, were as favorable to him as he could reasonably expect.

After all, the one important fact in this matter was the paternity of the child, which was established beyond question. That being true, the law should be liberally construed to insure the necessary help to the child and its mother, consonant with the father's ability to pay.

Judgment affirmed.

MR. CHIEF JUSTICE HILLIARD, MR. JUSTICE KNOUS and MR. JUSTICE BURKE concur.