No. 15,017.

Selk *v.* Ramsey.
(132 P. [2d] 454)

Decided December 21, 1942.

Mr. John W. Metzger, Mr. Francis S. Mancini, for plaintiff in error.

Mr. Isaac Mellman, Mr. William W. Gaunt, for defendant in error.

*In Department.*

Mr. Justice Bakke delivered the opinion of the court.

This is an action under the statute concerning dependent children wherein a petition was filed by a prospective mother of an unborn child alleging one Harold Selk, plaintiff in error here, to be the father, and charging him with having contributed to the dependency of said child which was born about three months after the institution of the proceeding. The court found the allegations of the petition to be true and ordered Selk to pay $20.00 a month into the registry of the court for the support of the child. Selk appealed to the district court under the procedure prescribed by sections 165, 166, 167 and 168, chapter 46, '35 C.S.A. Motion to dismiss the appeal was filed by counsel for petitioner on the ground that an appeal does not lie to the district court in cases of this character. After argument, the district court sustained the motion and dismissed the appeal. The propriety of this ruling is the only question here presented for our determination.

Counsel for plaintiff in error evidently entertain the opinion that because we held the case of *Dickeou v. People in The Interest of Cassidenti, a minor,* 95 Colo. 537, 38 P. (2d) 772, to be a "civil case," and that as section 165, chapter 46, '35 C.S.A. provides that "appeals may be taken to the district court of the same county, from all final judgments and decrees of the county court, except judgments by confession, by any person aggrieved by any such final judgment, or decree * * *," that his appeal to the district court lies as a matter of course.

That they are in error in thus assuming, appears from the cases cited, and quotations therefrom, under

said section 165, chapter 46, '35 C.S.A., e.g., "An examination of the act * * * shows conclusively that it relates exclusively to appeals from judgments of the county court, rendered in the exercise of its ordinary civil jurisdiction." *Board of County Commissioners v. Poundstone,* 74 Colo. 191, 193, 220 Pac. 234, quoting *Lusk v. Kershow,* 17 Colo. 481, 30 Pac. 62. The section has no application to a special statutory proceeding. Ibid.

■ That the acts affecting children are special acts and not within the ordinary civil jurisdiction of the county court is obvious. "Being, therefore, a special proceeding, it does not fall, as we have seen, within the class of cases over which appellate jurisdiction is conferred upon the district court by the act of 1885." *Phillips v. Corbin,* 25 Colo. 62, 49 Pac. 279.

■ "As a general rule, where a special statute creates a new remedy, not according to the course of the common law, to meet a new situation, and an appeal is not given by the special law creating the procedure, no appeal lies, and general provisions relating to appeals are ordinarily inapplicable." 4 C.J.S. 92, citing *Phillips v. Corbin, supra.*

■ That this is a special proceeding is conclusively established by our laws. See, Session Laws 1903, chapter 86, page 187: "An act to confer original jurisdiction upon county courts in all criminal cases against minors * * *. Section 8. No appeal shall be taken from any judgment or decision of any court, in any case prosecuted therein under the provisions of this act, to any district court; but writs of error shall lie from the supreme court as to such final judgments * * *." This section may have been repealed by implication ('35 C.S.A., c. 33, §75), a point we do not decide. We simply mention it to indicate what has been the practice since these acts affecting children were first adopted. In any event, section 75, chapter 33, supra, provides specifically that parties to these dependency cases shall be bound

by the judgment of the county court "unless exception be taken thereto at such hearing, in which case the same may be reviewed in the supreme court as in proceedings by writ of error."

Hon. Stanley H. Johnson, Judge of the Denver Juvenile Court, 1933, in his pamphlet entitled "The Juvenile Court of Denver, Colorado — Digest and Analysis of its Laws and Work," makes the following observation: "It is interesting to point out, however, that the earlier statute provided for appeal to the district court, whereas, later statutes declare that appeal may only be had from the juvenile court to the supreme court." Although Judge Johnson's comment concerns the juvenile court of Denver, the practice as it relates to appeals must be regarded as applicable to county courts outside of Denver, so far as these cases are concerned, under section 28 of article VI of our Constitution, which provides: "All laws relating to courts shall be general and of uniform operation throughout the state; and the organization, jurisdiction, powers, proceedings and practice of all the courts of the same class or grade, so far as regulated by law, and the force and effect of the proceedings, judgment and decrees of such courts severally shall be uniform."

Judgment affirmed.

MR. CHIEF JUSTICE YOUNG, MR. JUSTICE HILLIARD and MR. JUSTICE GOUDY concur.