No. 16,968.

CEDERQUIST *v*. ARCHULETA.
(253 P. [2d] 431)

Decided January 26, 1953.

Mr. Isaac Mellman, Mr. Gerald N. Mellman, for plaintiff in error.

Mr. John Walberg, Mr. Thomas K. Loughlin, for defendant in error.

*En Banc.*

Mr. Justice Alter delivered the opinion of the court.

In an action tried in the juvenile court, Alvin Cederquist was found to be the father of a child and contributing to its dependency. The child was born subsequent to the filing of the petition and prior to the trial of the case.

A motion for new trial, in which numerous grounds in support thereof were set out, was filed and overruled, and time allowed within which to tender a bill of exceptions, during which time the court determined a motion filed by petitioner for an order directing payment into the registry of the court of a reasonable sum for the support and maintenance of the minor child, the payment of doctor and hospital bills incurred by the child's mother prior to the trial, for a reasonable attorney fee, and general relief.

The court, over the objection of Cederquist's counsel,

entertained the last-mentioned motion and entered an order thereon requiring Cederquist to pay $15.00 each week for the support of the minor child, $90.00 for its mother's hospital bill, $120.00 for its mother's doctor bill, and $125.00 for her attorneys. Cederquist brings the cause here by writ of error seeking a reversal of the judgment.

■ This is a civil action (*Dikeou v. People*, 95 Colo. 537, 38 P. [2d] 772) brought under the provisions of chapter 33, '35 C.S.A., and there was ample competent evidence in the record to support the jury's finding that Cederquist was the father of the child and that it was a dependent child.

■ We have heretofore determined that section 1, chapter 33, supra, compelling the father to care for and support an unborn child and its mother, is constitutional, and have repeatedly held that the juvenile court has jurisdiction to determine the parentage of children yet unborn. *Dikeou v. People, supra; Metzger v. People*, 98 Colo. 133, 53 P. (2d) 1189; *Davis v. People*, 103 Colo. 437, 86 P. (2d) 975; *Selk v. Ramsey*, 110 Colo. 223, 132 P. (2d) 454.

■ No objection was interposed to any instruction given to the jury by the court; no error specified in the admission or rejection of any evidence; and, there being ample competent evidence in the record to support the finding that Cederquist was the father of the child and contributing to its dependency, the judgment entered on the verdict must be, and is, affirmed.

■ We have heretofore noted the orders of the juvenile court respecting support money for the child, doctor and hospital bills, and attorney fees. The record is silent as to the earning capacity of Cederquist and equally silent as to the needs of the dependent child. There is no evidence in the record as to any doctor or hospital expenses incurred by the mother of the child before, during or subsequent to the child's birth and preceding the trial, and, without competent evidence as to the earn-

ing capacity of Cederquist and the needs of his child and evidence of doctor's bills and hospital charges, the court could not properly entertain a motion for the allowance thereof, and in granting said motion error was committed. It should also be noted that the court ordered Cederquist to pay the sum of $125.00 to the attorneys who represented petitioner in this cause. We are unable to find any statute or judicial decision which justifies this allowance. We call attention to the provisions of section 5, chapter 33, '35 C.S.A., wherein it is provided, "The court may compel the attendance of witnesses on such examination; and it shall be the duty of the county attorney or district attorney of the county when requested by the court to appear in any such examination in behalf of the petition. It shall be the duty of the county attorney of such county, upon the request of the court or any petitioner, to file petitions and conduct the necessary proceedings in any case within the terms of this section and other sections codified from the act of 1907. * * * "

■ Our court has heretofore held the legislative enactments providing for attorney fees for the successful plaintiff in actions to enforce mechanics liens and to collect on insurance policies to be unconstitutional. *Davidson v. Jennings,* 27 Colo. 187, 60 Pac. 354; *Pacific Mutual Life Insurance Co. v. Van Fleet,* 47 Colo. 401, 107 Pac. 1087. Our attention has not been directed to any statute or court decision authorizing or approving the allowance of attorney fees for a petitioner in a juvenile court proceeding, and, in view of the authority given that court to call upon the district or county attorney to assist in the presentation of juvenile matters, the attorney retained by a petitioner therein must secure his compensation, if any is to be had, from the petitioner, and the court is without jurisdiction to require respondent here to pay such compensation.

We call attention to the fact that the summons, petition, orders and pleadings herein are all captioned "In

the Juvenile and Family Court in and for the City and County of Denver, State of Colorado." The Court having jurisdiction in this proceeding is the *Juvenile Court of the City and County of Denver, State of Colorado* (section 199, chapter 46, '35 C.S.A.; S.L. Colo. '07, section 1, chapter 149) which has never been amended. We are aware of the fact that section 2 of said 1907 act was amended (section 200, chapter 46, '35 C.S.A.; S.L. Colo. '23, section 1, chapter 78) and in the amendment of said section there is the following: "For convenience the juvenile court may be called the family court, * * *." However, as stated, section 1 of the 1907 act, supra, remains unamended, and the juvenile, rather than the juvenile and family, court, is the one having jurisdiction in proceedings such as here.

The judgment determining respondent to be the father of the infant child, and guilty of contributing to its dependency is affirmed; that part of the judgment fixing the weekly allowance for the support of the child, hospital expenses and doctor bills is reversed and the cause remanded with instructions to the trial court to proceed in any allowance therefor upon proper evidence. That part of the judgment fixing and allowing petitioner's attorney fees in the sum of $125.00 is reversed and set aside.

MR. JUSTICE HOLLAND does not participate.