No. 18,489.

MELVIN WOODSIDE *v.* PEOPLE OF THE STATE OF COLORADO IN THE INTEREST OF THE UNBORN CHILD OF STELLA M. HARPER.

(326 P. [2d] 980)

Decided June 16, 1958. Rehearing denied July 7, 1958.

Messrs. SEAVY & SEAVY, for plaintiff in error.

Mr. JOHN R. WALL, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will refer to the parties involved in this action by name. In the trial court Stella Harper filed her petition under C.R.S. 1953, 22-7-1, et seq., in which she alleged that Woodside was the father and was contributing to the dependency of her unborn child, in that he:

" * * * fails and refuses to support said child or to pay to petitioner, mother of said child, any money to defray the expense of the pregnancy and birth of said child."

Process issued and the matter came on for hearing in due course.

November 1, 1955, an order was entered continuing the hearing for ten months in order that a parental exclusion test could be made. Woodside was ordered to pay $30.00 per month into the registry of the court for ten months as a condition upon which his request for continuance was granted.

Eleven months after entry of this order, the child having meanwhile been born, the mother filed her petition stating that the whereabouts of Woodside were unknown. She further alleged that the attorney for Woodside was without information concerning his whereabouts, and she requested that the court proceed to

hearing upon her petition, without the parental exclusion test.

Notice of hearing upon the motion to proceed as requested was served upon Messrs. Seavy and Seavy, attorneys of record for Woodside. When this motion came on for hearing an order was entered permitting said attorneys to withdraw their appearance for Woodside and the case was set for trial November 21, 1956. The court ordered that notice of said setting be sent to Woodside by registered mail to his last known address. The notice was sent, but was not received by Woodside and the registered mail was returned to the court marked "Removed — No Order."

November 21, 1956, the court heard the evidence offered in support of Stella's petition. Woodside was not present either in person or by counsel. The trial court entered findings and judgment as follows:

"This matter comes on regularly for trial to the Court without a jury on the petition Stella M. Harper regarding what was then an unborn child but which child has since been born on February 25, 1956, and named Diane Marie Harper. The matter was continued at the request of the respondent until such time as the child was old enough for a blood test. Since that time, however, and after making payments of $30.00 a month until August of 1956, the respondent has disappeared and his attorneys, Seavy & Seavy, have withdrawn from the case for the reason that they were unable to contact him. Consequently, no one appeared for the hearing today on the part of the respondent and the Court has taken the testimony of the petitioner, Stella M. Harper, who is represented by her attorney, John R. Wall, and from the testimony:

"THE COURT FINDS That Melvin Woodside is the father of Diane Marie Harper, born on February 25, 1956, to Stella M. Harper, and that he has contributed to the dependency of the child in that he has paid nothing for her support since August of 1956 and has not paid

the hospital or doctor bill nor anything for clothing and other items necessary for the child. Those expenses which the petitioner has been put to exclusive of an attorney fee which the Supreme Court has said cannot be allowed in such cases, amount to $276.00, and the testimony of the petitioner shows that it costs her approximately $75.00 to have the child cared for while the mother is employed.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED That the respondent, Melvin Woodside, pay Two Hundred Seventy-Six and No/100 Dollars ($276.00) to the petitioner, Stella M. Harper, forthwith to reimburse her for hospital and medical care at the confinement for the birth of the child and for necessary clothing and other items since that time and that the respondent, Melvin Woodside, pay for the care and support of the child beginning with December 1, 1956, through the registry of the Court, the sum of Seventy-five Dollars ($75.00) each and every month on the first day of each month."

June 28, 1957, a petition for citation for contempt was filed by Stella's attorney in which it was alleged that Woodside had not complied with the order of court. August 23, 1957, Woodside filed his answer to this petition alleging that the order of November 21, 1956, was void for the reason that he had no notice of the hearing resulting in said order, and for the further reason that there was no finding as to dependency. The court held that Woodside was not in contempt of court, and saw to it that he had knowledge of the judgment entered November 21, 1956. Thereupon Woodside filed his motion requesting the trial court to vacate the judgment entered on said date. The trial court refused to vacate the judgment and Woodside brings the cause here for review by writ of error.

Three grounds for reversal are urged by counsel for Woodside, as follows:

"I.

"The Order entered on November 21, 1956, is void and of no force and effect for the reason that respondent was not notified of the hearing, and the Trial Court erred in failing to set the Order aside on proper Motion of respondent.

"II.

"That said Order is void for the reason that the proceedings were brought on behalf of an individual, and not on behalf of the State under circumstances which disclosed that the child was so circumstanced, neglected or imposed upon as to require the State to take over her custody.

"III.

"That said Order is void for the reason that there was no proceeding instituted to have said child declared dependent, and there is no adjudication as to dependency."

Questions to be Determined.

First: *Was the judgment entered by the trial court November 21, 1956, void, for the reason that Woodside had no actual notice of the hearing?*

This question is answered in the negative. Woodside asked for a continuance of the hearing for ten months on the allegation of Stella's petition. His request was granted upon terms. He then disappeared and the trial court was careful to make a good faith attempt to provide actual notice to him concerning the time of the hearing. Thereafter, notice thereof being duly served upon the attorneys for Woodside who had entered a general appearance on his behalf, they were permitted to withdraw their appearance. Actions of this kind are civil in nature and the Rules of Civil Procedure are applicable unless specifically otherwise provided by statute. The service of notice upon counsel of record for Woodside, prior to the withdrawal of their appearance, was sufficient to authorize the court to proceed. There is no contention made that Woodside's default, or his long continued failure to contact his counsel or to learn

the status of the proceedings to which he was party, was the result of mistake or excusable neglect. No attempt was made to vacate the judgment on any ground other than the assertion that the judgment is void for failure of notice. A party to an action cannot enter a general appearance therein and thereafter walk away from the action and secrete himself and expect by such conduct to prevent the court from acting. The court did not err in refusing to vacate the judgment because of the fact that Woodside had no personal knowledge of the date upon which the hearing was to be had.

Second: *Does the record disclose a proceeding to have the child declared dependent, and did the trial court sufficiently find "dependency"?*

This question, and each phase thereof, is answered in the affirmative. Counsel for Woodside argue that certain language contained in the opinion of this court in *Geisler v. People,* 135 Colo. 121, 308 P. (2d) 1000, if applied to the instant case, would require a holding that the findings of the trial court were inadequate. We cannot agree with this contention. The factual situation involved in the Geisler case is in no manner comparable to that in the instant case. Nothing in that opinion is pertinent to the action before us. The contention that the proceedings were brought on behalf of an individual, and not on that of the State is also without merit.

The judgment is affirmed.