No. 20,989.

HAROLD PARKER NISSEN v. THE PEOPLE OF THE STATE OF COLORADO IN THE INTEREST OF KATHY LYN ANDERSON, A MINOR, UPON THE PETITION OF GENEVIEVE ANDERSON.
(387 P. [2d] 897)

Decided December 23, 1963.

Dependency proceeding on behalf of minor child. Judgment for plaintiff.

Messrs. WOOD, RIS & HAMES, for plaintiffs in error.

Messrs. DONALDSON, HOFFMAN & GOLDSTEIN, Mr. VICTOR F. CREPEAU, for defendant in error.

*En Banc.*

MR. JUSTICE MCWILLIAMS delivered the opinion of the Court.

PURSUANT to C.R.S. '53, 22-7-1, et seq., Genevieve Anderson, as petitioner, instituted a contributing to dependency proceeding, alleging that Harold Parker Nissen, the respondent, was the father of her one-month-old daughter, Kathy Lyn, and that he failed to provide any support for his child and was thereby contributing to the dependency of said child.

Upon trial the jury returned a verdict finding that Nissen was the father of Kathy Lyn and that he was contributing to the dependency of the child. Judgment in accord with this verdict was thereafter duly entered. Subsequently, upon hearing, Nissen was ordered to pay certain medical and hospital bills incurred when the child was born, and also to pay petitioner $50 per month for the support of their minor child.

By writ of error Nissen seeks reversal of the judgment, alleging, *inter alia,* that the trial court erred in failing to direct a verdict in his favor for the reason that the petitioner upon trial failed to prove that Kathy Lyn was in fact a "dependent" or "neglected" child, and that such being the case he could not be "contributing" to a status which was non-existent. In this regard Nissen is quite correct and *Martinez v. Lopez,* 153 Colo. 425, 386 P. (2d) 595, controls the disposition of the present controversy.

In *Martinez v. Lopez,* supra, the petitioner was gainfully employed and "drawing a better than average salary," though she and her child were living with her parents who from time to time gave limited financial assistance. On such state of the record we held that the "trial court should have directed a verdict by ruling that there was no evidence that the respondent was contributing to the dependency or neglect of the child."

In the instant case petitioner at the time of trial was also gainfully employed with "take home" pay in the amount of $250 per month. It is true that she testified that this sum was not always sufficient to support herself and Kathy Lyn, but she went on to explain that her mother and former husband helped her make ends meet by paying for the hospital and medical expense attendant to the birth of the child and by giving her money from time to time to buy groceries and clothes for the baby. Suffice it to say that when the record as made upon trial is viewed in the light of *Martinez v. Lopez,* supra, it becomes quite evident that Nissen was in nowise contributing to the *dependency* of Kathy Lyn.

The judgment is reversed and the cause remanded with directions to dismiss the petition.