490 P.2d 706 (1971)
In re the PEOPLE of the State of Colorado, Petitioner-Appellee, In the Interest of E. F. C., J. L. C., T. L. C., Children, and Concerning L. C., Respondent-Appellant.
No. 71-084.
Colorado Court of Appeals, Div. II.
November 9, 1971.
*707 Ernest U. Sandoval, Dist. Atty., Harry R. Sayre, Asst. Dist. Atty., Trinidad, for petitioner-appellee.
David J. Hahn, C. Thomas Bastien, Denver, for respondent-appellant.
Selected for Official Publication.
DUFFORD, Judge.
This is an appeal from a judgment of dependency and neglect entered by the District Court in and for the County of Las Animas pursuant to the provisions of the Colorado Children's Code, 1967 Perm. *708 Supp., C.R.S.1963, 22-1-1 et seq. We will refer to the individual parties by their family positions and to the State of Colorado as the "State."
The proceeding below was initiated by a petition of the State seeking that the children be found dependent and neglected by their father. Prior to the petition, both parents were at one time residents of California and both filed for divorce in that state. In that action, the California trial court entered temporary orders granting temporary custody to the mother and ordered the father to pay support. Both parties were restrained in those orders from removing the children from California. Thereafter the mother removed the children to Trinidad, Colorado, and established residence there. In May 1969, after being advised of these acts of the mother, the California court changed temporary custody of the children to the father; terminated his obligation to make support payments; and reiterated its order restraining the parties from removing the children from California. Three days after such order, the mother filed a petition in Colorado asking the State to seek a determination of dependency and neglect as against the father. In July 1969, the California court entered an interlocutory judgment of divorce in favor of the father and awarded him custody of the children. In September 1969, the subject dependency and neglect proceeding came to trial in the Colorado District Court. A jury was empaneled, but, upon the admission in the opening statement of the father's counsel that the father had ceased paying support for the children pursuant to the California order, the court directed the jury to return a verdict declaring the children neglected and dependent. It is this judgment that the father appeals here.

I.
The father first asserts that the Colorado court had no jurisdiction to adjudicate questions regarding the children, since the California interlocutory judgment granted him custody before the petition was filed in the Colorado court. His argument is that comity necessitates Colorado's deference to the custodial provisions of that interlocutory judgment and to the finding of the California court that the children were domiciled in California. It is his position that the children, as domiciliaries of California, cannot be brought under the jurisdiction of the Colorado courts.
Conversely, the State contends that the Colorado court has jurisdiction over the children since the provisions of the Children's Code confer to the Colorado courts jurisdiction over any child physically present in this State.
We sustain the State's position. We find no provision in the Children's Code which makes Colorado domicile of a child a prerequisite to jurisdiction of our courts over that child. 1967 Perm.Supp., C.R.S.1963, 22-1-4(1) (a) and (d). The Code only requires that a child be physically present within the State of Colorado. 1967 Perm.Supp., C.R.S.1963, 22-1-5(1). We hold that in a case of this type such aspect of the Children's Code does no violence to the rules governing interstate recognition of custodial decrees. The father is correct in his assertion that ordinarily foreign custodial decrees will be respected in Colorado. Wilson v. Wilson, 172 Colo. 566, 474 P.2d 789. However, the Supreme Court has long recognized that the general rule by which Colorado's courts must respect the custodial decrees of other states is subject to two exceptions: (1) When the domicile of the child subject to a foreign decree changes to Colorado and there is a showing of a change in circumstances after the foreign decree; and (2) when conditions necessitate Colorado's intervention for the protection of any child found within its borders, through the doctrine of parens patriae. Brouwer v. District Court, 169 Colo. 303, 455 P.2d 207. The Supreme Court in Wilson v. Wilson, supra, delineated the scope of the doctrine of parens patriae:
"* * * [W]here an emergency exists concerning the immediate needs and *709 welfare of a child within this State, our courts may, in such circumstances, enter custodial orders for the protection of such child, notwithstanding the child's domicile elsewhere and the existence of otherwise valid orders to the contrary theretofore entered in a sister state having jurisdiction of the parties."
Under those provisions of the Children's Code concerning the determination of neglect and dependency, 1967 Perm.Supp., C. R.S.1963, 22-1-3(19), such determination can be sought only in situations where the immediate needs and welfare of a child are in peril, and consequently they represent situations where the doctrine of parens patriae would be applicable. Such being the case, the trial court properly assumed preliminary jurisdiction over the children in this case, which jurisdiction would become absolute if a valid showing were made by the State of a dependency and neglect situation as defined in the Code.

II.
The second assignment of error challenges the trial court's direction of a verdict against the father predicated upon the admission made by the father's counsel in his opening statement that the father had discontinued support payments pursuant to the California court's order.
The resolution of a lawsuit on the opening statement is a drastic remedy which should be employed only when the party adversely affected by the judgment has made admissions or assertions which establish with certainty that he is not entitled to relief or judgment in his favor. Barth v. Burt Chevrolet, Inc., 140 Colo. 128, 342 P.2d 637. In order to gain the relief requested under the mother's petition, the State had the burden of establishing the allegations made therein, among which was the assertion that the children were "neglected or dependent." The relevant Code provision defines a "neglected or dependent" child at 1967 Perm.Supp., C.R.S. 1963, 22-1-3(19) (e) as one
"[w]hose parent, guardian, or legal custodian fails or refuses to provide proper or necessary subsistence, education, medical care or any other care necessary for his health, guidance, or well-being; * * *."
The single fact that the father ceased making support payments to the mother for those children on whose behalf the State is invoking the doctrine of parens patriae does not establish that the children are "neglected or dependent." Nissen v. People, 154 Colo. 19, 387 P.2d 897. This is particularly true where the father was acting under what he considered to be a controlling order of court which placed custody of the children with him. Under these circumstances, there was no showing that the father was failing or refusing to perform his obligations toward the children. Without such a demonstration of neglect or dependency, not only are the allegations of the petition not sustained, but also the Colorado court's basis for its preliminary jurisdiction over the children under the doctrine of parens patriae would be subject to challenge in the face of the California judgment which placed custody in the father.
For these reasons the verdict directed by the trial court is hereby vacated, and this case is remanded for further proceedings consistent with this opinion.
DWYER and ENOCH, JJ., concur.