**C.K.A. and J.H.A., Plaintiffs-Appellees,**

v.

**M.S., Defendant-Appellant.**

**No. 82CA1273.**

Colorado Court of Appeals,
Div. III.

Dec. 6, 1984.

Rehearing Denied Jan. 10, 1985.

Certiorari Pending as of
May 20, 1985.

Max P. Zall, City Atty., Bruce E. Turner, Asst. City Atty., Denver, for plaintiffs-appellees.

Tinkler & Carwin, Donald R. Carwin, Denver, for defendant-appellant.

BABCOCK, Judge.

M.S. appeals from an adjudication that he is the father of J.H.A. (the child) and from an order requiring him to pay child support to C.K.A. (mother). We affirm.

At trial in early 1981 before a commissioner of the juvenile court, the following evidence was presented. The child was born June 7, 1979. Mother testified that she had no sexual partners other than M.S. from August through October 1978. Other testimony was presented that, on one occasion, M.S. acknowledged to a third person that the child was his son. Also, a doctor concluded from testing the parties' blood types that there is a 98.2 percent probability that M.S. is the father.

The theory of the defense was that M.S. was sterile during the period of possible conception. A urologist testified that, as of October 31, 1980, M.S. was unable to have a child because of a subnormal sperm count and no motility in the sperm present, and that, in his opinion, M.S. was probably sterile during the fall of 1978. He agreed, however, that the semen test upon which he based his testimony could be manipulated and that if the collection procedure was not followed properly the results would be inaccurate. He also acknowledged that his conclusion assumed that M.S. had incurred no traumatic injuries to the genitals, had had no infectious diseases affecting the genitals, and had not been taking any sperm-destroying medication in the interim between conception and testing. M.S. testified that he had suffered from a venereal disease in the summer of 1979 and in early October 1980 for which he took medication and received treatment at a venereal disease clinic.

After trial in January and March 1981, the commissioner found M.S. to be the child's father and the juvenile court judge affirmed the commissioner's findings, except as to judicial notice.

After an initial appeal to this court, the case was remanded for entry of a support order. An order awarding the mother $250 per month in child support was entered by the trial court. The case has been resubmitted on appeal of the original paternity adjudication and for review of the subsequent support order.

## I.

M.S. contends that the trial court erroneously shifted the burden of proof to him. We disagree.

■ Mother had the burden of proving by a preponderance of the evidence that M.S. was the child's father. *McCoy v. People*, 165 Colo. 407, 439 P.2d 347 (1968). However, because sterility is a defense in the nature of evidence, the burden rests upon the proponent to establish it by a preponderance of the evidence. *See People*

*in Interest of R.M.*, 37 Colo.App. 209, 548 P.2d 1282 (1975); C.R.C.P. 8.

■ There was substantial evidence of access and sexual relations between M.S. and mother at the time of conception and the blood tests showed a high probability that M.S. was the father. Although most of mother's testimony was disputed by M.S., there was substantial evidence to support the finding of paternity and the trial court's conclusion that M.S. failed to meet his burden of proof that he was sterile at the time of conception.

Findings of the trial court will not be disturbed on review, unless they are clearly erroneous. *People in Interest of A.A.T.*, 191 Colo. 494, 554 P.2d 302 (1976); *Rapson v. Rapson*, 165 Colo. 188, 437 P.2d 780 (1968). We conclude that this claim of error is without merit.

## II.

■ M.S. asserts that the commissioner erred in taking judicial notice that venereal disease is an infectious disease. Thus, he claims the commissioner erred in finding that M.S. became sterile after the child was conceived. The trial court designated this as error, and declined to judicially notice this fact. The trial court disregarded the evidence of venereal disease and any inference therefrom and rejected the opinion that M.S. was sterile at the time of conception upon his failure to lay any foundation as to the reliability of the test. There was other substantial evidence to support the findings and conclusion of the commissioner and the trial court that M.S. is the child's father. These findings are binding on review. *People in Interest of A.A.T., supra.*

## III.

■ M.S. next contends that the trial court erred in affirming the commissioner's ruling which denied endorsement of a doctor to testify about a second semen analysis. We disagree.

Mother objected to the endorsement based upon the pretrial order requiring witnesses to be listed by October 29, 1980.

The doctor was endorsed four and one-half months later, and only eight days prior to resumption of the hearing on March 24, 1981. M.S.'s offer of proof was that the doctor would corroborate the prior urologist's testimony. The commissioner's ruling that the doctor was endorsed unreasonably late and that his testimony would be cumulative was adopted by the trial court.

Trial courts have broad discretion in determining whether to allow late endorsement of witnesses not listed in pretrial orders. C.R.C.P. 16(d)(3); *Murphy v. Colorado Aviation, Inc.,* 41 Colo.App. 237, 588 P.2d 877 (1978); *Wood v. Rowland,* 41 Colo.App. 498, 592 P.2d 1332 (1978). Here we find no abuse of discretion.

### IV.

M.S. also argues that the trial court erred in refusing to reopen the case or to grant a new trial because of newly discovered evidence in the form of a letter from a doctor at the venereal disease clinic where he was treated. The letter stated that: "The infection should not have caused reduction in sperm motility or have produced sterility." We find no error.

C.R.C.P. 59(a)(4) allows a trial court to reopen a judgment or to grant a new trial upon a showing of newly discovered evidence which is material, and which movant could not, with reasonable diligence, have discovered and produced at trial. The movant must show that the evidence would probably change the result. *Phillips v. Monarch Recreation Corp.,* 668 P.2d 982 (Colo.App.1983); *People in Interest of P.N.,* 663 P.2d 253 (Colo.1983). Here, we conclude that M.S. has not met his burden, because the trial court rejected the evidence of venereal disease and any inference therefrom. Thus, there is no showing that this evidence would have changed the result.

### V.

Finally, M.S. challenges the child support order issued on remand. He alleges that since he was unemployed at the time of that hearing and because evidence showed that mother had the ability to provide fully for the child, the award of $250 per month was an abuse of discretion. We disagree.

Section 19–6–116(5), C.R.S. (1978 Repl. Vol. 8) lists the factors to be considered in awarding child support in a paternity action. The trial court clearly considered these factors and the evidence supports its award. We find no abuse of discretion. *People in Interest of W.M.,* 643 P.2d 794 (Colo.App.1982).

Judgment affirmed.

BERMAN and METZGER, JJ., concur.