756 P.2d 392 (1988)
The PEOPLE of the State of Colorado, In the Interest of L.W., a Child,
Upon the Petition of: JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner-Appellee and Cross-Appellant, and concerning
C.W., Respondent-Appellant and Cross-Appellee.
No. 86CA1651.
Colorado Court of Appeals, Div. III.
January 14, 1988.
Rehearing Denied February 11, 1988.
Certiorari Denied June 20, 1988.
G.E. Shields, P.C., G.E. Shields, Lakewood, for petitioner-appellee and cross-appellant.
*393 Sonheim, Helm & Less, Phillip A. Less, Richard M. Williams, Arvada, for respondent-appellant and cross-appellee.
BABCOCK, Judge.
In this paternity action, respondent, C.W., appeals the judgment of the trial court ordering him to pay support to the minor child, L.W., and to reimburse petitioner, Jefferson County Department of Social Services, for AFDC benefits. The department of social services cross-appeals the trial court's order charging the department with legal fees incurred by a guardian ad litem. We affirm.
After a hearing solely on the issue of paternity, a referee found that C.W. is the natural father of L.W. A second hearing was conducted to determine C.W.'s liability for past and future child support payments. Following this hearing, the referee entered judgment against C.W. for back child support and ordered C.W. to commence the payment of future support. The trial court affirmed the judgment of the referee.

I.
Respondent first contends that the trial court had no jurisdiction or authority pursuant to § 19-6-116, C.R.S. (1986 Repl.Vol. 8B), to order child support in arrears. We disagree.
Section 19-6-116 provides in pertinent part:
"(3) The judgment or order may contain any other provision directed against the appropriate party to the proceeding concerning the duty of support ... the furnishing of bond or other security for the payment of the judgment, or any other matter in the best interest of the child. The judgment or order may direct the father to pay the reasonable expenses of the mother's pregnancy and confinement."
Respondent correctly points out that § 19-6-116 does not contain the clear legislative directive to award back child support found in its predecessor statute. That provision, § 19-6-105(3)(c), C.R.S., stated: "The order declaring paternity may also direct the father to pay for support of the child prior to such order."
Respondent would have us interpret the omission of this specific directive in the present statute to indicate that the General Assembly intended to prohibit awards of support in arrears. We decline to read § 19-6-116 this narrowly.
The primary task in construing a statute is to discern the intent of the General Assembly. Engelbrecht v. Hartford Accident Indemnity Co., 680 P.2d 231 (Colo.1984). Statutory terms should be given effect according to their plain and obvious meaning. Ellis v. Charnes, 722 P.2d 436 (Colo.App.1986). If the statutory language is clear and the legislative intent appears reasonably certain, there is no need to resort to other rules of statutory construction. People v. District Court, 713 P.2d 918 (Colo.1986). Further, once the paternity of a child has been established, the law should be liberally construed to insure the necessary help to the child and its mother, consonant with the father's ability to pay. Davis v. People in Interest of Grant, 103 Colo. 437, 86 P.2d 975 (1939).
Omission of the specific language at issue here does not reflect a legislative intent to limit an award of support to only the present and future. The use of the word "may" in the first sentence of the statute at issue indicates that the General Assembly intended to allow the trial court broad discretion in determining support issues, including that of child support arrearages. If the General Assembly had intended to limit an award of child support to a future obligation only, it would have so stated. The second sentence of § 19-6-116(3), C.R.S. (1986 Repl.Vol. 8B) merely extends this broad discretion to the reasonable expenses of the mother's pregnancy and confinement.
Moreover, § 19-4-116(4), C.R.S. (1986 Repl.Vol. 8B) provides that: "The court may limit the father's liability for past support of the child to the proportion of the expenses already incurred that the court deems just." (emphasis added) This grant of authority to "limit the father's liability for past support" reflects the General *394 Assembly's recognition of the court's authority to award past support.
Section 19-7-103(1), C.R.S. (1986 Repl.Vol. 8B) provides additional support for this interpretation. It states:
"If, at the hearing, the court finds that the respondent has an obligation to support the child or children mentioned in the petition, the court may enter an order directing the respondent to pay such sums as may be reasonable under the circumstances."
Finally, the supreme court has previously held that in a paternity proceeding, the question of child support, both past and future, is involved. See People in the Interest of A.A.T., 191 Colo. 494, 554 P.2d 302 (1976).
Accordingly, the trial court correctly affirmed the referee's judgment of back child support against C.W.

II.
Respondent next contends that the judgment of the trial court was not supported by the evidence. Again, we disagree.
Sections 19-6-116(4) and (6), C.R.S. (1986 Repl.Vol. 8B) list the manner of payment and factors to be considered in ordering child support in a paternity action. The trial court clearly considered these factors, including respondent's ability, and the evidence supports its lump-sum award of past support and order for periodic future support. We find no abuse of discretion. See C.K.A. v. M.S., 695 P.2d 785 (Colo.App.1984).
The remainder of the issues raised by respondent are without merit.

III.
Petitioner cross-appeals, contending that the trial court erred by ordering it to pay the guardian ad litem's fees. We disagree.
In paternity actions, the court is authorized to order reasonable legal fees of the child's guardian ad litem and other costs of the action to be paid by the parties in proportions and at times determined by the court. Section 19-6-117, C.R.S. (1986 Repl.Vol. 8B). Here, the record reflects that the referee divided the costs of this action equally between petitioner and respondent. The trial court did not abuse its discretion in affirming the referee's division of costs. See People in Interest of C.R.A.H., 647 P.2d 239 (Colo.App.1981).
Judgment affirmed.
STERNBERG and TURSI, JJ., concur.