**The PEOPLE of the State of Colorado, in the Interest of S.E.G., a Child, Upon Petition of D.M.G., Petitioner–Appellee,**

**and Concerning A.K.S., n/k/a A.K.R., Respondent–Appellant.**

No. 95CA2097.

Colorado Court of Appeals, Div. II.

Feb. 20, 1997.

D.M.G., pro se.

Diane Carlton, Englewood, for Respondent–Appellant.

Opinion by Judge CRISWELL.

In this paternity proceeding, A.K.S. (mother) appeals from a juvenile court order granting D.M.G. (father) unsupervised parenting time with their child, S.E.G. We affirm.

In April 1992, father filed a petition to establish paternity to which mother stipulated. In July 1992, father filed a motion for temporary orders permitting him to provide day care for the child in his own home rather than in mother's. In August 1992, mother was awarded temporary custody of the child, and a visitation schedule was established for father.

In January 1993, father left the state, taking the child with him. Two months later, he and the child were found in Oregon and returned to Colorado. In April 1993, father's visitation was suspended pending further court order. Thereafter, in February 1994, the juvenile court awarded permanent custody of the child to mother and continued the suspension of father's visitation until father ceased to pose a threat to the child's best interests.

In May 1995, some two years after his visitation rights were suspended, father sought supervised visits with the child. Following a hearing, during which father's therapist testified, the juvenile court found that father would not attempt to abscond with the child again and that exercise of his parenting time rights would not endanger the child physically or emotionally. Because father and the child had been separated for two years, the juvenile court required that the visits be supervised for at least three months, during which time father and child could reacquaint themselves. In addition, the order provided that father could seek less restricted visitation if, after three months, the supervising agency issued a favorable report. Mother does not in this appeal complain of this order.

In August 1995, father filed a motion for unsupervised visits, and after hearing argument of counsel and considering the reports filed on behalf of the supervising agency, the juvenile court granted the motion in October 1995. It is from this order that mother appeals.

Mother contends that the juvenile court abused its discretion in granting father's motion for unsupervised visits between him and the child. We find no abuse of discretion.

First, mother argues that the juvenile court gave more weight to father's statutory right to parenting time than to the child's best interests. We disagree.

■ Under the Uniform Parentage Act, the juvenile court may enter temporary and permanent orders with respect to parenting time rights, and it has continuing jurisdiction to modify such orders. See §§ 19–4–111(4), 19–4–116(3), and 19–4–119(1)(b), C.R.S. (1996 Cum.Supp.).

■ Section 19–4–111(4) provides that temporary orders with respect to parenting time must be determined in accordance with the Uniform Dissolution of Marriage Act, § 14–10–101, et seq., C.R.S. (1996 Cum. Supp.) (UDMA). However, neither § 19–4–116(3) nor § 19–4–119(1)(b) specifies the criteria to be applied in entering permanent parenting time orders or in modifying them. Therefore, reading these statutes together, as we must, and giving them a consistent, harmonious effect, we conclude that, in paternity proceedings, the juvenile court must make and modify permanent orders respecting parenting time in accordance with the UDMA. See In Interest of D.R.V., 885 P.2d 351 (Colo.App.1994).

■ Under the UDMA, determination of parenting time is a matter within the discretion of the trial court, taking into consideration the child's best interests and the policy of encouraging the parent-child relationship. In re Marriage of Velasquez, 773 P.2d 635 (Colo.App.1989). See §§ 14–10–129(2) and 19–1–102(1)(b), C.R.S. (1996 Cum. Supp.). Reasonable parenting time is mandated and restrictions on parenting time are prohibited, unless the court finds that exercise of parenting time rights would endanger the child's physical health or significantly

impair the child's emotional development. Sections 14–10–129(1) and 14–10–129(2), C.R.S. (1996 Cum.Supp.). *See In re Marriage of Finer,* 920 P.2d 325 (Colo.App.1996).

In support of his request for unsupervised visits, father produced two reports from the supervising agency which showed that father interacted appropriately with the child during the visits and that the visits were beneficial both to father and to the child. Mother did not controvert this evidence; she simply argued, for reasons similar to those rejected by the juvenile court during the previous hearing, that father remained likely to abduct the child and posed a threat of harm to the child.

On this record, we find no abuse of discretion in the juvenile court's order modifying father's parenting time rights from supervised to unsupervised visits. *See Marriage of Finer, supra; Marriage of Velasquez, supra.*

Mother also argues that the juvenile court failed to require father to bear the burden of establishing that his visits with the child should be unsupervised. We disagree.

A paternity action is civil in nature; therefore, the standard of proof in such an action is the preponderance of the evidence. *See McCoy v. People,* 165 Colo. 407, 439 P.2d 347 (1968).

The burden of proof generally rests upon the party who asserts the affirmative of an issue. The test is to determine which party would be successful if no evidence were to be adduced and then place the burden of proof on the adverse party; thus, the party seeking to change the status quo bears the burden of proof. *Atlantic & Pacific Insurance Co. v. Barnes,* 666 P.2d 163 (Colo.App. 1983).

Here, pursuant to the May 1995 order, father was entitled to seek unsupervised visits after three months of supervised visits, if the supervising agency issued a positive report. At the hearing on father's motion for unsupervised visits, father presented evidence that he had complied with the May 1995 order, producing two reports from the supervising agency. Thus, contrary to mother's assertion, the juvenile court required father to bear the burden of establishing the propriety of unsupervised visits.

Order affirmed.

MARQUEZ and TAUBMAN, JJ., concur.