COLORADO COURT OF APPEALS                                    **2017COA60**

_____

Court of Appeals No. 16CA1082
Mesa County District Court No. 14JV135
Honorable Valerie J. Robison, Judge

_____

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of M.S., a Child,

and Concerning C.S.,

Respondent-Appellant.

_____

JUDGMENT VACATED AND CASE
REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE LICHTENSTEIN
Román and Freyre, JJ., concur

Announced May 4, 2017

_____

J. Patrick Coleman, County Attorney, Katherine Barnes, Assistant County
Attorney, Grand Junction, Colorado, for Petitioner-Appellee

Robert G. Tweedell, Guardian Ad Litem

Leigh Coleman Taylor Law Office, Leigh Coleman Taylor, Grand Junction,
Colorado, for Respondent-Appellant

¶ 1     In this dependency and neglect proceeding, C.S. (father) appeals a district court order that denied his petition for judicial review of a magistrate order allocating parental responsibilities for his child, M.S.

¶ 2     Our review of the record, however, requires us to determine whether the magistrate had subject matter jurisdiction to issue its order.[1]  We conclude dependency and neglect proceedings are subject to the Uniform Child-custody Jurisdiction and Enforcement Act (UCCJEA), § 14-13-101, et. seq., C.R.S. 2016.  And because the record does not demonstrate that the magistrate followed the procedures set forth in the UCCJEA to acquire jurisdiction, we vacate the judgment and remand the case for further proceedings.

## I.  Background

¶ 3     In May 2014, the Mesa County Department of Human Services (Department) assumed temporary custody of eight-year-old M.S. and initiated a dependency and neglect proceeding because father had been charged with multiple counts of sexual assault against the child's mother (mother).  Mother, who lived in Texas, reported

---

[1] *See People in Interest of J.C.S.,* 169 P.3d 240, 244 (Colo. App. 2007) (sua sponte inquiry into jurisdiction is appropriate in dependency and neglect proceedings).

that father had obtained custody of M.S. and had allowed her to have limited contact with M.S.

¶ 4    By stipulation, the court adjudicated M.S. dependent or neglected and approved a treatment plan for father. Father pleaded guilty to sexual assault against mother and anticipated receiving a determinate six-year prison sentence.

¶ 5    Later, the Department moved for a permanent allocation of parental responsibilities (APR) for M.S. to mother. Following a contested hearing, the magistrate determined that it was in M.S.'s best interests to be placed with mother, but decided to delay ruling on the APR request until it again reviewed M.S.'s placement. After a further review hearing, the magistrate issued an order granting permanent APR to mother.

¶ 6    Father filed a notice of appeal with this court. A division of the court dismissed father's appeal because he had not obtained district court review. Thereafter, father filed a petition for district court review of the permanent APR order. The district court denied father's request. Father now appeals.

## II. UCCJEA

¶ 7    After reviewing the parties' supplemental briefs, we conclude that the magistrate lacked jurisdiction under the UCCJEA to issue the permanent APR order.

### A. Applicability to Dependency and Neglect Proceedings

¶ 8    Initially, we address the Department's argument that the UCCJEA does not apply to dependency and neglect proceedings once a child has been adjudicated dependent and neglected.

¶ 9    First, the Department's reliance on *People in Interest of E.C.*, 30 Colo. App. 190, 490 P.2d 706 (1971), is misplaced. In *E.C.*, a division of this court reiterated that a Colorado court did not need to respect the custodial decree of another state when conditions necessitated Colorado's intervention for the protection of a child found within its borders. *Id.* at 193-94, 490 P.2d at 708.

¶ 10    However, *E.C.* was decided before Colorado adopted the UCCJEA in 2000 or even before Colorado adopted its predecessor, the Uniform Child Custody Jurisdiction Act (UCCJA). *See People in Interest of M.C.*, 94 P.3d 1220, 1222 (Colo. App. 2004) (recognizing that effective July 1, 2000, the UCCJEA replaced the UCCJA); *see*

*also L.G. v. People*, 890 P.2d 647, 655 (Colo. 1995) (noting that the UCCJA was adopted in Colorado in 1973).

¶ 11     Second, the UCCJEA governs child-custody proceedings, which it expressly defines as including dependency proceedings. § 14-13-102(4), C.R.S. 2016.  Section 14-13-103, C.R.S. 2016, identifies two types of proceedings — adoptions and proceedings to authorize emergency medical care for a child — that are not governed by the UCCJEA.  But, the UCCJEA does not include a similar provision exempting any stage of a dependency and neglect proceeding from its purview.

¶ 12     Accordingly, a dependency and neglect proceeding is one type of "child-custody proceeding" subject to the UCCJEA.  §§ 14-13-101 to -403, C.R.S. 2016.

## B.  Jurisdiction

¶ 13     Although this issue was not initially raised by the parties, we may address it sua sponte because it concerns the court's subject matter jurisdiction.  *See In re Support of E.K.*, 2013 COA 99, ¶ 7. And, we may notice a lack of jurisdiction in a magistrate's order that the district court has declined to review.  *See In re Marriage of Ferris*, 75 P.3d 1170, 1171 (Colo. App. 2003).

¶ 14　Whether a district court has subject matter jurisdiction over a UCCJEA proceeding presents a question of law that we review de novo. *People in Interest of D.P.*, 181 P.3d 403, 406 (Colo. App. 2008).

¶ 15　Under the UCCJEA, the court that makes an initial custody determination generally retains exclusive, continuing jurisdiction. § 14-13-206, C.R.S. 2016; *M.C.*, 94 P.3d at 1223. In essence, the UCCJEA seeks to eliminate the simultaneous exercise of jurisdiction over custody disputes by more than one state. *M.C.*, 94 P.3d at 1223. Accordingly, absent temporary emergency jurisdiction under section 14-13-204, C.R.S. 2016, a Colorado court may only modify a custody order issued by an out-of-state court under limited circumstances.

¶ 16　First, the Colorado court must have jurisdiction to make an initial custody determination under section 14-13-201(1)(a) or (b), C.R.S. 2016. § 14-13-203(1), C.R.S. 2016; *In re Marriage of Brandt*, 2012 CO 3, ¶ 33. As pertinent here, this requirement is satisfied when Colorado is or was the child's home state — defined as the state in which the child has lived with a parent for at least 182 consecutive days — when the proceeding begins or the court in the

child's home state has declined jurisdiction on the ground that Colorado is the more appropriate forum. §§ 14-13-102(7)(a), -201(1)(a)-(b).

¶ 17    Additionally, the court in the issuing state must have lost or declined to exercise jurisdiction. *Brandt*, ¶ 33. This can occur when the court in the issuing state determines that (1) the child and parents no longer have a significant connection to the issuing state and substantial evidence regarding the child is not available in the issuing state, or (2) the Colorado court is a more convenient forum. §§ 14-13-202, -203(1)(a), C.R.S. 2016. Alternatively, either the court in the issuing state or a Colorado court may determine that the issuing state has been divested of jurisdiction because the child and parents do not presently reside in the issuing state. § 14-13-203(1)(b); *Brandt*, ¶¶ 26, 28.

¶ 18    The determination of whether an issuing state has lost exclusive, continuing jurisdiction based on nonresidency requires a broad inquiry into the totality of the circumstances. *Brandt*, ¶¶ 43-44. Significantly, before a Colorado court may assume jurisdiction to modify an out-of-state custody order, it must communicate with the issuing court pursuant to sections

14-13-110 to -112, C.R.S. 2016, and conduct a hearing if there is a factual dispute regarding the residency issue. *Brandt,* ¶ 35.

## C. Analysis

¶ 19 Here, a California court had issued a custody order regarding M.S. prior to the initiation of the dependency and neglect proceeding. The Department's exhibit that served as the factual basis for M.S.'s adjudication as dependent or neglected indicated that father had "obtained sole legal and physical custody of [M.S.] through Ventura Superior Court, California, Case Number D338591 on or about 11/29/10." Likewise, at the APR hearing, father testified that he had been granted custody of M.S. in California in 2010.

¶ 20 Indeed, in considering the APR request, the magistrate observed that "there was evidence" of a California custody order regarding M.S. and that the issue needed to be addressed. However, the magistrate did not (1) confer with the California court that issued the 2010 custody order or (2) make a determination as to whether the California court had lost exclusive, continuing jurisdiction. Accordingly, the magistrate failed to acquire jurisdiction under the UCCJEA before it issued the permanent APR

7

order — effectively modifying the 2010 custody order from California.

¶ 21    We recognize that evidence presented at the APR hearing could support a finding that the California court had lost exclusive, continuing, jurisdiction because neither of the parents nor M.S. presently reside there.  Father testified that he and M.S. had moved to Colorado shortly after the 2010 custody order was issued.  He also indicated that mother had moved from California to New Mexico during that time.  And, at the time of the APR hearing, mother lived in Texas.

¶ 22    Nonetheless, the record does not demonstrate that the magistrate followed the procedures set forth in the UCCJEA and *Brandt* to acquire jurisdiction to modify the California custody order.  Accordingly, the permanent APR order must be vacated.

¶ 23    Because we have concluded that the permanent APR order must be vacated, we do not address father's contention that the district court erred in denying his request for review of the magistrate's APR order.

## III. Conclusion

¶ 24    The judgment is vacated, and the matter is remanded to the district court to direct the magistrate to determine whether it has jurisdiction to issue an APR order that modifies the California custody order.  In doing so, the magistrate must communicate with the issuing court in California, and, if necessary, allow the parties to present evidence regarding residency.

JUDGE ROMÁN and JUDGE FREYRE concur.